James **WIESENTHAL**, Appellant,

v.

**UNITED STATES of America**, Appellee.

No. 18468.

United States Court of Appeals Ninth Circuit.

Aug. 20, 1963.

Rankin, Oneal, Luckhardt, Center, Longinotti & Ingram, and Charles E. Luckhardt, Jr., San Jose, Cal., for appellant.

Brockman Adams, U. S. Atty., and Charles W. Billinghurst, Asst. U. S. Atty., Tacoma, Wash., for appellee.

Before HAMLIN and DUNIWAY, Circuit Judges, and KUNZEL, District Judge.

HAMLIN, Circuit Judge.

James Wiesenthal, appellant herein, petitioned the United States District Court for the Western District of Washington for a writ of habeas corpus, alleging that he was being unlawfully detained in the United States Penitentiary at McNeill Island, Washington. The District Court denied the petition and a timely appeal to this court was taken.

In April, 1956, appellant, who had been convicted under a federal charge, was sentenced to serve a term of five years in a federal penitentiary; pursuant to this sentence, he was confined in McNeill Island Federal Penitentiary, Washington. On November 1, 1959, he was released from the federal prison, apparently on parole, with nineteen months of the term remaining unserved.

In April, 1960, appellant was arrested and placed in the San Francisco County jail upon a charge of violating a California law. While he was in state custody a "federal detainer" was lodged against him. On April 23, 1960, he was released on bail by the state authorities. Having pleaded guilty to the state charge of felony burglary the state court on June 18, 1960, sentenced appellant to be punished "by imprisonment in the state prison of the State of California for the term provided by law, and that he be remanded to the sheriff of the City and County of San Francisco and by him delivered to the Director of Corrections of the State of California." The order of commitment also contained the following language:

> "It is ordered that sentences shall be served * * * in respect to any prior incompleted sentence as follows: concurrently."

Appellant remained in the San Francisco County jail until July 5, 1960, when he was transported to the California State Prison at Vacaville, California. Later he was transferred to Folsom Prison, where he was incarcerated until June 18, 1962. On that date he was released from Folsom Prison and upon his release was arrested by the United States Marshal and transported to McNeill Island Penitentiary for the purpose of serving the remaining nineteen months of his federal sentence.

Appellant contended in his petition for a writ of habeas corpus that he was entitled to be released, because the time served by him in the state prison should have been credited toward the remaining nineteen months of his federal sentence; had it been so credited his federal sentence would have been completed. In denying petitioner's application, the district court relied upon 18 U.S.C. § 3568,

which provides in pertinent part as follows:

"The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, * * * for service of said sentence. * * * If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention."

The district court concluded that under this statute the remainder of appellant's federal sentence commenced to run upon his return to the federal penitentiary. Appellant did contend in his petition that following his sentence on the state charge he was in the San Francisco County jail awaiting transportation by the federal authorities. This contention, however, was without merit, since the order of commitment upon the state charge had remanded him to the sheriff of San Francisco County for delivery to the state authorities for the purpose of serving his state sentence and not for the purpose of awaiting transportation by federal authorities.

We can see no legal basis for appellant's present contention that he is entitled to be released. Title 18, section 4205, provides in pertinent part as follows:

"A warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the Board of Parole * * *

and within the maximum term or terms for which he was sentenced. The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve."

There is no evidence in the record that would justify the conclusion that he was returned to custody of the attorney general prior to June 18, 1962, the date of his release from state prison. On that date the warrant which had been issued by the Board of Parole for his arrest was executed. While appellant contends that the State of California could have or should have released him to the custody of the federal authorities at an earlier date, the fact is that he was not so released. The state had the power both to prosecute and imprison appellant even though he was on parole under a federal sentence.[1] Further, a person "who has violated the criminal statutes of both the federal and a state government may not complain of the order in which he is tried or punished for such offenses";[2] nor does a parole violator who is under a sentence of a state court have the right to make demands on the United States Board of Parole with respect to the time when a parole violator's warrant should be served.[3]

We conclude that the unexpired term of imprisonment of appellant did not begin to run until June 18, 1962, the date on which he was returned to the custody of the federal authorities. Accordingly, the order of the district court denying appellant's petition is affirmed.

1. Strand v. Schmittroth, 251 F.2d 590 (9th Cir. 1957).

2. See Vanover v. Cox, 136 F.2d 442, 443–444 (8th Cir. 1943), cert. den. 320 U.S. 779, 64 S.Ct. 93, 88 L.Ed. 468; Stamp-

hill v. Johnston, 136 F.2d 291, 292 (9th Cir. 1943), cert. den. 320 U.S. 766, 64 S. Ct. 70, 88 L.Ed. 457.

3. See Groce v. Hudspeth, 121 F.2d 800, 802 (10th Cir. 1941).