**Lloyd Cecil HICKS, Petitioner,**

v.

**F. F. KENTON, Respondent.**

**Civ. No. 71–156.**

United States District Court,
C. D. California.

July 21, 1971.

Lloyd Cecil Hicks, in pro. per.

Robert L. Meyer, U. S. Atty., Frederick M. Brosio, Jr., L. Douglas Brown, Asst. U. S. Attys., Los Angeles, Cal., for respondent.

## MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

HAUK, District Judge.

On March 28, 1966, Petitioner was sentenced to an indeterminate term under the Youth Corrections Act by the United States District Court for the District of Idaho. He was committed on April 5, 1966, to the Federal Correctional Institution at Lompoc, California. On or about July 23, 1968, Petitioner was granted parole by order of the Youth Correction Division of the United States Board of Parole.

Thereafter, on June 16, 1969, the Board of Parole issued a parole violation warrant alleging four violations, to wit, (1) improper auto registration; (2) unauthorized possession of a weapon; (3) association with a person having a criminal record; and (4) leaving the district without permission. At that time Petitioner was in state custody in New Mexico for violating several state statutes. He pleaded guilty to these and was sentenced.

On July 8, 1969, Petitioner was indicted by a Federal Grand Jury in Albuquerque, New Mexico, for interstate transportation of forged securities in violation of 18 U.S.C. § 2314. The unexecuted parole violation warrant was held as a detainer against Petitioner pending the outcome of this charge. In this case, Petitioner's motion to suppress wa granted and the Government promptly filed an appeal. Petitioner remained in custody during the pendency of this appeal for the apparent reason that he was unable to make bail. The Government dismissed its appeal and on October 20, 1969, the indictment against Petitioner was dismissed.

On the same day the parole violation warrant, issued on June 16, 1969, was executed on Petitioner and he was thereafter in custody as a parole violator. It was subsequently determined in a parole revocation hearing conducted by a member of the Youth Division that Petitioner had violated the terms of his parole

**694**

in that he was guilty of charges (2), (3) and (4) as listed on the warrant.

The sole contention in this Petition for Writ of Habeas Corpus appears to be that Petitioner was entitled to have the parole violation warrant promptly executed on him and that his present confinement as a parole violator is illegal by virtue of the fact that the warrant was not executed until there was a disposition of the intervening state and federal charges.

After having reviewed the Petition, the Return to Petition and the affidavits submitted by the Respondent, this Court is fully advised in the premises and hereby orders that the Petition for Writ of Habeas Corpus be denied for the following reason.

Petitioner was recommitted under the terms of 18 U.S.C. § 4205 which provide that following a violation of parole the prisoner shall begin serving the unexpired term of his sentence when he is taken into custody under the warrant, i. e., when the warrant is executed on him. The warrant in the instant case, issued on June 16, 1969, was not executed on Petitioner until October 20, 1969.

It has been the long-standing practice of the United States Board of Parole to withhold execution of the parole violation warrant until there has been a complete disposition of any pending or intervening state or federal charges. This procedure has been uniformly upheld where the execution of the warrant is withheld pending the service of an intervening sentence. Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399 (1938); Wiesenthal v. United States, 322 F.2d 231 (9th Cir. 1963). The fact that the intervening offense ends in a dismissal does not alter this rule. Small v. United States Board of Parole, 421 F.2d 1388 (10th Cir. 1970), cert. den. 397 U.S. 1079, 90 S.Ct. 1532, 25 L.Ed.2d 815 (1970); Teague v. Looney, 268 F.2d 506 (10th Cir. 1959).

We note in passing that this is not a case in which the alleged parole violations were also the basis of the intervening federal indictment. However, even in that instance a dismissal, short of a determination on the issue of guilt, would probably not foreclose a subsequent revocation of parole. See United States ex rel. Sperling v. Fitzpatrick, 426 F.2d 1161, 1162 n. 2 (2d Cir. 1970) where the Court declined to extend the exclusionary rule to parole revocation hearings and a prior dismissal of state charges on that basis did not foreclose a revocation of parole.

From the foregoing analysis of Petitioner's Contentions, it is apparent that there are no grounds or reasons of any kind to grant an evidentiary hearing, or to support the issuance of a writ of habeas corpus. Petitioner is not entitled to any relief since he does not demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c) (3); In re Burrus, 136 U.S. 586, 10 S. Ct. 850, 34 L.Ed. 500 (1890); Martinez v. Wilson, 357 F.2d 173 (9th Cir. 1966).