### POWELL v. SANFORD, Warden.

### No. 11638.

Circuit Court of Appeals, Fifth Circuit.

July 9, 1946.

James O. Powell, in pro. per., of Leavenworth, Kan., for appellant.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

This is an appeal from a judgment discharging a writ of habeas corpus issued by the court below upon the petition of appellant, and remanding appellant to the custody of the warden of the United States penitentiary in Atlanta, Georgia.

The facts are: On October 23, 1942, petitioner was sentenced, following conviction of a local crime, to a term of two to ten years in the West Virginia State prison at Moundsville, West Virginia. On or about May 13, 1944, petitioner escaped therefrom. On June 5, 1944, Huntington, West Virginia, city and West Virginia State police, on a warrant charging that petitioner was an escaped prisoner, apprehended him and took him into custody. After serving three days on the remaining portion of his sentence in the West Virginia penitentiary, petitioner was arraigned before a United States Commissioner for violation of the National Motor Vehicle Theft Act, 18 U.S.C.A. § 408, and for violation of the Selective Training and Service Act, 50 U.S.C.A.Appendix, § 301 et seq. Subsequently, in the United States District Court for the Southern District of West Virginia, Bluefield Division, he was indicted, tried, and convicted on a count charging him with transporting a stolen automobile in interstate commerce and on a count charging him with failing to have a Selective Training and Service registration card. Three-year sentences, to run concurrently, were imposed under each count, and service of the sentences thus imposed was begun on June 26, 1944.

■ Only one question is presented: Did the United States District Court for the Southern District of West Virginia have jurisdiction to sentence petitioner to the custody of the Attorney General of the United States while petitioner was in the custody of the State of West Virginia?

The Supreme Court has given a clear answer to this question. In Ponzi v. Fessenden, 258 U.S. 254, 259, 260, 42 S.Ct. 309, 310, 66 L.Ed. 607, 611, 22 A.L.R. 879, that Court said:

"We live in the jurisdiction of two sovereignties, each having its own system of courts to declare and enforce its laws in common territory. It would be impossible for such courts to fulfill their respective functions without embarrassing conflict unless rules were adopted by them to avoid it. The people for whose benefit these two systems are maintained are deeply interested that each system shall be effective and unhindered in its vindication of its laws. The situation requires, therefore, not only definite rules fixing the powers of the courts in cases of jurisdiction over the same persons and things in actual litigation, but also a spirit of reciprocal comity and mutual assistance to promote due and orderly procedure.

"One accused of crime has a right to a full and fair trial according to the law of the government whose sovereignty he is alleged to have offended, but he has no more than that. He should not be permitted to use the machinery of one sovereignty to obstruct his trial in the courts of the other, unless the necessary operation of such machinery prevents his having a fair trial. He may not complain if one sovereignty waives its strict right to exclusive custody of him for vindication of its laws in order that the other may also subject him to conviction of crime against it. In re Andrews, D.C., 236 F. 300; United States v. Marrin, D.C., 227 F. 314. Such a waiver is a matter that addresses itself solely to the discretion of the sovereignty making it, and of its representatives with power to grant it."

While in Ponzi v. Fessenden, supra, the prisoner was in the custody of a federal court when sentenced by a state court, the doctrine of Ponzi v. Fessenden applies equally to the situation where a federal court convicts a person who is in the custody of a state court.[1]

■ Although the transcript of the record in the instant case does not show that the state court waived exclusive custody of petitioner for the trial and the sentence of the federal court, under the doctrine of Ponzi v. Fessenden, the petitioner has no right to object to the manner by which the federal court obtains custody of the petitioner from the state court. Ponzi v. Fessenden gives the reason for this in these words :[2]

"But it is argued that when the prisoner is produced in the superior court [federal court, here], he is still in the custody and jurisdiction of the United States [state, here], and that the state court [federal court, here] cannot try one not within its jurisdiction. This is a refinement which if entertained would merely obstruct justice. The prisoner when produced in the superior court [federal court, here] in compliance with its writ is personally present. He has full opportunity to make his defense exactly as if he were brought before the court by its own officer. State v. Wilson, 38 Conn. 126, 136. The trial court is given all the jurisdiction needed to try and hear him by the consent of the United States [state, here], which only insists on his being kept safely from escape or from danger under the eye and control of its officer. This arrangement of comity between the two governments works in no way to the prejudice of the prisoner or of either sovereignty."

The judgment appealed from is affirmed.

---

[1] See Kirk v. Squier, 9 Cir., 150 F.2d 3; Zerbst v. McPike, 5 Cir., 1938, 97 F. 2d 253.

[2] 258 U.S. at page 265, 42 S.Ct. at page 312, 66 L.Ed. at page 613.