## GOULD v. SANFORD.

### No. 12238.

Circuit Court of Appeals, Fifth Circuit.

May 4, 1948.

John Murray Gould, in pro. per.

J. Ellis Mundy, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before SIBLEY, McCORD, and LEE, Circuit Judges.

PER CURIAM.

The appeal is reinstated. It appears that appellant was sentenced to the United States Penitentiary and the State of Missouri filed there a detainer for him operative when he should complete his sentence. He served his sentence less good time allowance of 2003 days, and was released under 18 U.S.C.A. § 716b as if on parole, the State taking custody of him. He made bond for that State offense and was at liberty thereunder, and did acts which the Federal Board of Parole considered a violation of his federal parole. After a hearing his parole was revoked and he was returned to the penitentiary. Appellant asserts that his release to the State

court terminated the authority of the Board of Parole, and that he is now illegally confined in the penitentiary, relying on the proviso in 18 U.S.C.A. § 716b: "Provided, That this section shall not operate to prevent delivery of a prisoner to the authorities of any State otherwise entitled to his custody."

■■ The proviso authorized the penitentiary to deliver appellant to the State court on the detainer, and the State court could no doubt have maintained its custody under the doctrine of comity. But it released appellant and he, as is found, misconducted himself while at liberty. We do not think the release under parole by the United States was at an end, but that under these circumstances a violation of parole could be acted upon as was done, and federal custody could be resumed. The State is not asking custody now, and no question of comity between the State and federal authorities is for decision. The prisoner has no standing to raise it. He is in lawful custody. Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879; Wall v. Hudspeth, 10 Cir., 108 F.2d 865; Powell v. Sanford, 5 Cir., 156 F.2d 355.

Judgment affirmed.