## PULT v. UNITED STATES.
### No. 11950.

United States Court of Appeals
Sixth Circuit.

Dec. 18, 1953.

Richard D. Haney, Cincinnati, Ohio, for appellant.

John C. Crawford, Jr., Marysville, Tenn., for appellee.

Before SIMONS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

Appellant was convicted and sentenced by the United States District Court for the Eastern District of Tennessee to five years imprisonment for violation of federal law and was placed on probation for a period of three years. He was held by the United States Marshal, however, until taken to the State of Iowa where he served a prison term for violation of the law of that State.

Upon release from the Iowa prison, he came to Tennessee where he committed a crime against the laws of that State, for which he was convicted and sentenced on May 19, 1950. On June 2, 1950, the Federal Probation Officer for the Eastern District of Tennessee petitioned for a bench warrant in which it was charged that appellant had violated his probation. This warrant was lodged with the Tennessee Penitentiary authorities on July 2, 1950. After serving his sentence in the Tennessee institution he was tried by due process of law in the United States District Court for Eastern Tennessee for violation of his probation, was convicted, and his suspended sentence was revoked, and the original sentence of the federal court ordered to be served.

The petition charging probation violation having been filed on June 2, 1950, which was within the three-year time limit prescribed in the original order of conviction, sentence and probation entered by the United States District Court on March 7, 1949, it is our judgment that the United States District Court properly denied appellant's motion to vacate the sentence, there being no authority whatever to sustain such motion. Authorities are to the contrary. See Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607; Powell v. Sanford, 5 Cir., 156 F.2d 355; Rawls v. United States, 10 Cir., 166 F.2d 532.

Accordingly, the judgment of the district court denying the motion to vacate the sentence is ordered to be affirmed.