**G. W. STUBBLEFIELD, Appellant,**

v.

**J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.**

**No. 6719.**

United States Court of Appeals
Tenth Circuit.

Aug. 9, 1961.

Harry M. Sterling, Denver, Colo. (G. W. Stubblefield filed a brief pro se), for appellant.

Benjamin E. Franklin, Asst. U. S. Atty., Topeka, Kan. (Newell A. George, U. S. Atty., Kansas City, Kan., on the brief), for appellee.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the United States District Court for the District of Kansas denying the petitioner Stubblefield's application for a writ of habeas corpus. Stubblefield contends that when he was delivered to state authorities at the time of his mandatory release from the United States Penitentiary at Leavenworth, Kansas, the United States lost jurisdiction over him.

On similar facts we held in Welch v. Taylor, 10 Cir., 292 F.2d 481, that, under Title 18 U.S.C.A. § 4164, a prisoner who was confined by state authorities was still subject to the conditions of his release, and that the United States Board of Parole had authority to revoke his

release and require the service of the full term of his sentence for a violation of its conditions which occurred after he was discharged by state authorities. There is no merit to the petitioner's contention that the United States lost jurisdiction over him when he was delivered to state authorities in response to a detainer. Myers v. Hunter, 10 Cir., 199 F.2d 662; Gould v. Sanford, 5 Cir., 167 F.2d 877.

Affirmed.