**Joe David MURRAY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18959.**

United States Court of Appeals
Ninth Circuit.

July 10, 1964.

Jack T. Hirshon, Santa Clara, Cal., for appellant.

William Goodwin, U. S. Atty., and Charles W. Billinghurst, Asst. U. S. Atty., Tacoma, Wash., for appellee.

Before HAMLEY, KOELSCH and BROWNING, Circuit Judges.

HAMLEY, Circuit Judge.

Joe David Murray, a federal prisoner, appeals from a district court order denying, without hearing, his application for a writ of habeas corpus.

Murray alleged in the application that, on November 3, 1955, while he was incarcerated in the United States Penitentiary at Leavenworth, Kansas, serving a twenty-year sentence, he was paroled and released by the Government to the authorities of the State of Oklahoma, to begin serving a twenty-five year state sentence. He further alleged that on November 14, 1962, the Government revoked the parole and he is now serving the remainder of his federal sentence in the United States Penitentiary at McNeil Island, Washington. Murray asserted that the United States lost jurisdiction over him when it released him to the custody of Oklahoma state officials for the service of a state sentence, and such jurisdiction could not be reasserted after his release from state custody.

In the Fifth and Tenth Circuits a similar contention has been rejected. It has

there been held that the release of a federal prisoner to state authorities for the purpose of serving a state sentence, such release being prior to expiration of the federal term of imprisonment, does not effectuate a loss of federal jurisdiction over the individual so released. Accordingly, these courts have held, upon release of the individual from state custody, and the reinvocation of the federal parole or conditional release, the individual may be taken back into federal custody for completion of the federal sentence. Stubblefield v. Taylor, 10 Cir., 293 F.2d 271; Gould v. Sanford, 5 Cir., 167 F.2d 877.

We agree with the reasoning and result reached in those cases, the underlying rationale of which finds expression in the opinion of this court in Strand v. Schmittroth, 9 Cir., 251 F.2d 590.

Affirmed.