UNITED STATES of America ex rel. Jose Benedicto LEBRON, Relator,

v.

WARDEN OF DETENTION HEAD-QUARTERS, MANHATTAN, NEW YORK COUNTY, SOUTHERN DISTRICT OF NEW YORK, Defendant.

United States District Court
S. D. New York.
Aug. 18, 1964.

Joseph Aronstein, New York City, for relator (by assignment).

Robert M. Morgenthau, U. S. Atty. for the S. Dist. of New York, for the United States. John W. Mills, New York City, of counsel.

HERLANDS, District Judge.

Petitioner is now confined in the Federal Detention Headquarters at 427 West Street, New York County, on a warrant for violation of parole on a judgment of conviction and sentence issued out of this Court. Claiming that his present detention is illegal, he seeks a writ of habeas corpus to effect his remand to the custody of the New York State Department of Correction in order to serve a prison sentence heretofore imposed upon him by the State Supreme Court.

The following chronology establishes that there is no merit to the petition:

| | |
|---|---|
| October 21, 1955 | Petitioner commenced serving a seven-year Federal sentence for violating the narcotic laws. |
| April 9, 1960 | Petitioner was released from the United States Penitentiary at Atlanta, Georgia, under a certificate of mandatory release (18 U.S.C. § 4163). He received 926 days of statutory and extra good time which was deducted from the maximum term of sentence imposed. Under 18 U.S.C. § 4164, petitioner was deemed to be on parole *until April, 1962.* |
| May 19, 1961 | A warrant was issued against petitioner for parole violation on the grounds that he had failed to submit monthly reports to the United States Probation Officer for March and April, 1961; for changing his place of residence without advising said Probation Officer; and for loss of contact. The issuance of this warrant was within the required time, which expired in April, 1962. |
| October 4, 1963 | Petitioner (under the name of "Paul Gonzalez") was arrested by the New York City police on a charge of unlawful possession of narcotics (N.Y. Penal Law § 1751). |
| October 9, 1963 | Petitioner was released on bail, after having been indicted by the State for narcotics offenses. |
| November 7, 1963 | While on bail, petitioner was again arrested (under the name of "Paul Gonzalez") by the New York City police on a felony narcotics charge. |
| December 9, 1963 | Petitioner was released on bail on the last mentioned charge. |

| | |
|---|---|
| December 10, 1963 | While on bail, petitioner was arrested by the United States Marshal under the outstanding Federal violator warrant and was committed to the Federal Detention Headquarters. Petitioner admitted violating the conditions of his mandatory release, at a preliminary hearing. Petitioner requested a revocation hearing by the Board of Parole. |
| March 23, 1964 | Petitioner received a revocation hearing before a member of the United States Board of Parole. He admitted violating the conditions of his mandatory release. |
| April 7, 1964 | United States Board of Parole issued an order revoking petitioner's mandatory release (Exhibit "A"). |
| May 15, 1964 | After having been produced in the New York Supreme Court on a writ of habeas corpus ad prosequendum, petitioner was convicted and sentenced on the State narcotics charge to imprisonment in a New York State prison; and he was returned to Federal Detention Headquarters *under the terms of the writ.* |
| August 3, 1964 | Petitioner applied for a writ of habeas corpus, which was made returnable on August 10th. |
| August 10, 1964 | Counsel appeared and argued the matter. The Government filed an opposing affidavit. Thereafter, memoranda were submitted by counsel. |

Petitioner's basic contention is premised on the erroneous assumption that the jurisdiction of New York State over the petitioner is superior to that of the Federal Government. Petitioner, as a prisoner, has no standing to raise the question of priority of jurisdiction.

In Gould v. Sanford, 167 F.2d 877, 878 (5th Cir.1948), the Court said:

"The State is not asking custody now, and no question of comity between the State and federal authorities is for decision. The prisoner has no standing to raise it."

Similarly, in Wall v. Hudspeth, 108 F.2d 865, 866 (10th Cir.1940), the Court declared:

"But either the federal or a state government may voluntarily surrender its prisoner to the other without the consent of the prisoner, and in such circumstances the question of jurisdiction and custody is purely one of comity between the two sovereigns, not a personal right of the prisoner which he can assert in a proceeding of this kind."

The same rule was expounded in United States ex rel. Demarois v. Farrell, 87 F.2d 957, 962 (8th Cir.), cert. denied, 302 U.S. 683, 58 S.Ct. 31, 82 L.Ed. 527 (1937) in these words:

"When a person has violated the criminal statutes of two different sovereigns, it is for the interested sovereigns and not the criminal to settle which shall first inflict punishment."

See also Williams v. Taylor, 327 F.2d 322, 324 (10th Cir.1964); Powell v. Sanford, 156 F.2d 355 (5th Cir.1946); cf. Ponzi v. Fessenden, 258 U.S. 254, 42 S. Ct. 309, 66 L.Ed. 607 (1922).

New York State has not contested federal jurisdiction in this case, although the State authorities were duly served with the writ herein at the same time the Federal Government was served.

In view of the foregoing, the application is hereby denied.

This opinion and decision shall constitute an order.