William Thomas **CUDDY**, Jr., Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 18863.

United States Court of Appeals
Ninth Circuit.

Dec. 8, 1964.

Robert W. Stanley, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section, George C. McCarthy, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, BARNES and JERTBERG, Circuit Judges.

CHAMBERS, Circuit Judge.

Cuddy in 1961 was serving a California state indeterminate sentence of six months to five years. He was brought into federal court where he pleaded guilty to three counts of a five count indictment. The federal sentence was for five years imprisonment, all counts to run concurrently and the federal sentence to run concurrently with the California state sentence. In March, 1963, Cuddy was admitted to parole by the Adult Authority of California, which apparently had notice the federal authorities intended to pick him up to continue serving his federal sentence. This the federal authorities did.

Thereupon, Cuddy filed a petition to correct illegal sentence and a petition for a writ of habeas corpus. Both were denied. Petitioner appeals.

First, petitioner asserts that for the federal authorities to take him frustrates the comity due the State of California and its parole system. Here he is concluded by Strand v. Schmittroth, 9 Cir., 251 F.2d 590. See also Stewart v. United States, 10 Cir., 267 F.2d 378. Further, it would appear that the California authorities knew before the effective date of the parole that the federal authorities would take Cuddy and they actually turned him over to the federal agents. However, the implied consent of the paroling authority is not the real basis of Schmittroth, supra.

It seems manifestly clear that what the federal sentencing judge in imposing sentence intended to do was to give defendant credit on his federal time for such time as he might serve with the state. Of this gift, we do not agree

that the prisoner can complain. Cf. Murray v. United States, 9 Cir., 334 F.2d 616; In Re Alstatt, Cal.App., 38 Cal.Rptr. 616.

█ Further, insofar as the petition for habeas corpus is concerned, it could be dismissed for failure to join the warden, his keeper. Morehead v. State of California, 9 Cir., 339 F.2d 170, decided by this court on November 27, 1964. See also the cases therein cited.

The orders appealed from are affirmed.