Ralph W. **TAYLOR**, Appellant,

v.

**UNITED STATES MARSHAL FOR** the **EASTERN DISTRICT OF OKLAHOMA**, Appellee.

**No. 8158.**

United States Court of Appeals
Tenth Circuit.

Oct. 1, 1965.

Malcolm E. MacDougall, Denver, Colo., for appellant.

E. C. Nelson, Asst. U. S. Atty. (Bruce Green, U. S. Atty., on brief), for appellee.

Before PHILLIPS, BREITENSTEIN and SETH, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal by Taylor from an order dismissing his application for a writ of habeas corpus.

Taylor was sentenced to imprisonment for a term of six years on a conviction for a federal offense by the United States District Court for the Eastern District of Missouri. On July 3, 1963, he was released from the United States Penitentiary at Leavenworth, Kansas, in accordance with 18 U.S.C.A. § 4163.[1]

Section 4163, supra, in part here pertinent, reads:

"Except as hereinafter provided a prisoner shall be released at the expiration of his term of sentence less the time deducted for good conduct. A certificate of such deduction shall be entered on the commitment by the warden or keeper. * * * *"

18 U.S.C.A. § 4164,[2] in part here pertinent, reads:

"A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days." [3]

1. 18 U.S.C.A. § 4163, as amended by the Act of September 19, 1962, 76 Stat. 552.

2. 18 U.S.C.A. § 4164, as amended by the Act of June 29, 1951, 65 Stat. 98.

3. The purpose of the 180-day deduction from the maximum term or terms in § 4164, supra, and the reasons therefor were stated in the Senate Report on the bill, as follows:

"Prior to the passage of the act of June 29, 1932, c. 310, section 4, 47 Statute 381, which is now section 4164 of title 18, United States Code, a Federal prisoner was released unconditionally after he had served the term or terms for which he had been sentenced, less the commutation of time for good conduct. Section 4164 (the act of June 29, 1932) presently provides that a Federal prisoner who has served his sentence, less good time deductions, shall be treated upon release as if he were released on parole, and shall be subject to all provisions of law relating to the parole of Federal prisoners until the expiration of the maximum term or terms for which he was sentenced.

The Act of June 25, 1910, 36 Stat. 820, 18 U.S.C.A. § 717 provided:

"If the warden of the prison or penitentiary from which said prisoner was paroled or said board of parole or any member thereof shall have reliable information that the prisoner had violated his parole, then said warden, at any time within the term or terms of the prisoner's sentence, may issue his warrant to any officer hereinafter authorized to execute the same, for the retaking of such prisoner."

Section 3 of the Act of May 13, 1930, 46 Stat. 272, 18 U.S.C.A. § 723c, in part here material, provided:

"SEC. 3. The said board, or any member thereof, shall hereafter have the exclusive authority to issue warrants for the retaking of any United States prisoner who has violated his parole. * * *"

Section 4205 of Title 18 U.S.C.A. (United States Code, Crimes and Criminal Procedure) consolidated § 723c, supra, with that part of § 717, supra, which provided the time within which parole violation warrants might issue. The remaining portions of § 717, supra, were regarded as obsolete. Such § 4205 reads:

"A warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the Board of Parole or a member thereof and within the maximum term or terms for which he was sentenced. The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve. June 25, 1948, c. 645, 62 Stat. 854."

Section 4207, 18 U.S.C.A., 62 Stat. 855, provides:

"A prisoner retaken upon a warrant issued by the Board of Parole, shall be given an opportunity to appear before the Board, a member thereof, or an examiner designated by the Board.

"The Board may then, or at any time in its discretion, revoke the order of parole and terminate such parole or modify the terms and conditions thereof.

"If such order of parole shall be revoked and the parole so terminated, the said prisoner may be required to serve all or any part of the remainder of the term for which he was sentenced."

"The purpose of this bill (S. 1366) is to amend section 4164 so as to provide that a prisoner who has served his sentence, less good time deductions, shall be released unconditionally if there remain less than 180 days to serve under the maximum term or terms of his sentence; and, if there remains a greater period to serve, the prisoner shall be treated upon release as if he were released upon parole until the expiration of the maximum term or terms for which he was sentenced, less 180 days.

"The Department of Justice is put to considerable expense and trouble in returning to custody the relatively minor number of conditional releasees who violate the terms of their release under section 4164, and who have short unexpired terms to serve. According to advice received from the Attorney General, in those cases in which the prisoners have less than 180 days remaining to be served the disadvantages outweigh the advantages of returning such violators to custody. This advice is predicated on the basis that a releasee who violates the conditions of his release by committing a serious offense can be tried for that offense, and if a violation simply consists of some minor act which would not amount to a criminal offense if committed by a person not in the situation of a parolee, such act does not warrant the expense and inconvenience involved in returning him to custody for a short period of time. In this connection it may be noted that prisoners released in accordance with the provisions of section 4164 have actually served their full sentence, less good time deductions as provided by law." U.S. Code Congressional and Administrative Service, 82nd Congress, 1st Session, 1951, pp. 1544, 1545.

Sections 4205 and 4207, supra, became effective September 1, 1948.

On September 30, 1963, a member of the United States Board of Parole prepared and signed a warrant for Taylor's arrest for violation of the conditions of his release. On October 26, 1963, Taylor was arrested in Tulsa, Oklahoma, by a state officer on a charge of burglary of parking meters. On December 12, 1963, on his plea of guilty to an information charging such burglary, he was sentenced to imprisonment for a term of two years in the Oklahoma State Penitentiary. He was released from state custody on March 6, 1965, and taken into custody under the parole violator's warrant referred to above, by the United States Marshal for the Eastern District of Oklahoma, who returned him to Leavenworth on March 28, 1963. His parole was revoked for violation of the conditions of his release, and he is now incarcerated in the United States Penitentiary at Leavenworth, Kansas.

Taylor set up two grounds for the writ: One, that he had fully served his federal sentence; and two, that the parole violator's warrant was not issued within the maximum term of the federal sentence.

When a federal prisoner is conditionally released as on parole under § 4163, supra, he remains while on parole under federal custody and control. While parole is an amelioration of punishment, it is in legal effect imprisonment, and if during the period of his parole, a parolee is arrested, charged and convicted of a state offense and is confined under a sentence for such offense in a state penal institution, his status during state custody is like that of an escaped prisoner, and during the time of such state custody he ceases to be under federal legal custody and control.[4] And during the time he is in state custody, the running of his federal sentence and the period of his parole is interrupted and suspended and the jurisdiction of the Board of Parole under his federal sentence is also suspended.[5]

The suspension of the jurisdiction of the Parole Board during state custody does not mean that its jurisdiction is lost. It is merely temporarily suspended and may be resumed again when state custody has terminated.[6]

Even if the running of the maximum term for which Taylor was sentenced had not been interrupted during the time he was incarcerated in the state penitentiary, such maximum term would not have terminated until May 14, 1965, 681 days after he was released as on parole, which date was subsequent to March 6, 1965, the date the Marshal received the parole violator's warrant and took Taylor into custody thereunder. Counsel for Taylor contends, however, that the maximum term for which Taylor was sentenced ended November 15, 1964. He arrives at that result by equating the maximum term of his sentence with his period of parole, which under § 4164, supra, is "until the expiration of the maximum term * * * for which he was sentenced less one hundred and eighty days." Counsel's contention is not well founded. First, the deduction of the 180 days fixes the term of parole, not the remainder of the maximum term of the sentence and if the parolee violates the conditions of his parole during the term thereof, he may be required to serve all or any part of the term for which he was sentenced, undiminished by the time he was on parole.

4. Anderson v. Corall, 263 U.S. 193, 196, 44 S.Ct. 43, 68 L.Ed. 247; Letellier v. Taylor, 10 Cir., 348 F.2d 893.

5. Anderson v. Corall, 263 U.S. 193, 195–197, 44 S.Ct. 43; Taylor v. Simpson, 10 Cir., 292 F.2d 698, 701; Neal v. Hunter, 10 Cir., 172 F.2d 660, 662; Evans v. Hunter, 10 Cir., 162 F.2d 800, 802; See also, Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399.

6. Stubblefield v. Taylor, 10 Cir., 293 F.2d 271, 272; Myers v. Hunter, 10 Cir., 199 F.2d 662; Gould v. Sanford, 5 Cir., 167 F.2d 877, 878, and cases cited in Note 6, supra.

Moreover, Taylor was not in the legal custody or subject to the control of the federal authorities during the period he was in state custody, and during such period he was not serving the remainder of his sentence by parole custody and the running of his sentence was suspended.

We therefore hold that Taylor had not fully served his sentence and that the warrant was issued and executed within the maximum term for which Taylor was sentenced.

Affirmed.