UNITED STATES of America ex rel.
Rudolph WILLIAMS, Petitioner,

v.

Hon. W. FITZPATRICK, Warden, Federal
Detention Headquarters, New York,
N. Y., Respondent.

No. 68 Civ. 4252.

United States District Court
S. D. New York.

April 17, 1969.

Rudolph Williams, pro se.

Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, New York City, for the United States; Richard Ben-Veniste, Asst. U. S. Atty., of counsel.

OPINION

EDWARD WEINFELD, District Judge.

Petitioner, currently confined at the Atlanta federal penitentiary as a mandatory release violator, seeks his release upon a writ of federal habeas corpus under 28 U.S.C. section 2241. His petition was filed in this District on October 28, 1968. He was transferred to the Atlanta federal penitentiary on October 16, 1968. Because he attacks his continued detention based upon parole revocation rather than the validity of his sentence as such, petitioner must bring suit against his warden at the place of incarceration.[1] Accordingly, his application must be dismissed for lack of jurisdiction, without prejudice to renewal in the federal court in the district where he is now confined.[2]

1. Halprin v. United States, 293 F.Supp. 1186 (S.D.N.Y.1968).

2. Cf. Jones v. Cunningham, 371 U.S. 236, 243–244, 83 S.Ct. 373, 9 L.Ed.2d 285

■ Apart from the jurisdictional defect, the petition is without merit. Petitioner received a ten-year prison term on May 28, 1958, in the United States District Court for the Eastern District of Louisiana, following his conviction of a narcotics violation, 21 U.S.C. section 174. He was accorded his mandatory release on December 17, 1964, after serving more than six and one-half years. He was continued as if on parole through the unexpired portion of his sentence, less 180 days, or about three years.[3] On September 16, 1966, he was arrested as a parole violator for failure to report to his parole officer, and in December, 1966, his parole was revoked. He was again released on June 19, 1967, now having served about seven years and four months of the original sentence. He thus remained as if on parole for a period which taking into account the 180-day deduction provided in Title 18, section 4164, came to about two years and two months, due to terminate in August, 1969. His arrest on August 23, 1968, again for failure to report, was well within the period remaining before the expiration of his sentence. The warrant, issued and executed within the period of his maximum term, was valid.[4]

■ In his traverse petitioner indicates that on at least one federal release he served time in a New York state prison. He argues for the first time that the government "unwittingly waived or relinquished jurisdiction" over him by releasing him without formal papers. But petitioner was released on the condition that a violation of the terms of parole would subject him to the reinstatement of incarceration and the possible loss of earned "good time" credit, without regard to the formality of the papers.[5] The contention that the government lacked power to impose a sentence concurrent with one imposed by the State of New York is incorrect [6] and overlooks that while petitioner was on release he was not serving his federal sentence. Execution of that sentence had been conditionally suspended, and petitioner's violation of the conditions led to revocation of the suspension.[7] The federal government may surrender a prisoner to another jurisdiction for trial on a pending charge or service of another sentence without thereby losing jurisdiction over the convict.[8]

The petition is dismissed.

(1963) ; United States v. Hayman, 342 U.S. 205, 220, 72 S.Ct. 263, 96 L.Ed. 232 (1952) ; Ahrens v. Clark, 335 U.S. 188, 192, 68 S.Ct. 1443, 92 L.Ed.2d 1898 (1948).

3. 18 U.S.C. § 4164.

4. Shelton v. United States Board of Parole (The Parole Board Cases), 388 F.2d 567, 575 & n. 15 (D.C. Cir. 1967) ; Buchanan v. Blackwell, 372 F.2d 451, 452 (5th Cir. 1967).

5. 18 U.S.C. §§ 4164, 4165, 4207 ; Welch v. Taylor, 292 F.2d 481, 482 (10th Cir. 1961) ; Singleton v. Looney, 218 F.2d 526, 528 (10th Cir. 1955) ; Hicks v. Reid, 90 U.S.App.D.C. 109, 194 F.2d 327, 329, cert. denied, 344 U.S. 840, 73 S.Ct. 51, 97 L.Ed. 653 (1952) ; United States ex rel. Ostin v. Warden, 296 F.Supp. 1135, 1136 (S.D.N.Y.1969).

6. 18 U.S.C. § 4082(b).

7. 18 U.S.C. §§ 4164, 4207.

8. 18 U.S.C. § 4085(a) ; Murray v. United States, 334 F.2d 616, 617 (9th Cir. 1964), cert. denied, 380 U.S. 917, 85 S.Ct. 906, 13 L.Ed.2d 802 (1965) ; Stubblefield v. Taylor, 293 F.2d 271, 272 (10th Cir. 1961) ; Gould v. Sanford, 167 F.2d 877, 878 (5th Cir. 1948) ; Konigsberg v. Ciccone, 285 F.Supp. 585, 601–602 (W.D. Mo.1968). Cf. Ponzi v. Fessenden, 258 U.S. 254, 261–262, 42 S.Ct. 309, 66 L.Ed. 607 (1922) ; Buchalter v. Warden of Sing Sing Prison, 141 F.2d 259, 260 (2d Cir.), cert. denied, 321 U.S. 780, 64 S.Ct. 633, 88 L.Ed. 1072 (1944) ; N.Y.Code Crim.Proc. § 669–b, subd. 1, art. V(g) (state retains jurisdiction of convict even when released on foreign detainer for trial on pending charges).