966 F.2d 1451
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank Cisco BROWN, Jr., Petitioner-Appellant,
v.
Richard THORNBURG, Attorney General; United States Parole
Commission; Charles Pennington; U.S. Marshal
Service; Dewey Sowders, Warden,
Respondents-Appellees.
 No. 92-5053.
 United States Court of Appeals, Sixth Circuit.
 May 29, 1992.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, JR., Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Frank Cisco Brown, Jr., a pro se prisoner, appeals the district court's order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1973, Brown was convicted by a federal district court of possession of unregistered firearms and was sentenced to 10 years imprisonment. In April 1985, Brown was transferred to a community treatment center (CTC) in Lexington, Kentucky, in anticipation of his presumptive parole date of October 20, 1985. However, on July 13, 1985, while on furlough from the CTC, Brown was arrested by Lexington police. He promptly notified the CTC of his arrest. The CTC Discipline Committee found him guilty of escape on July 17, 1985 following a hearing. United States Marshals lodged a detainer with the Commonwealth of Kentucky against Brown on July 16, 1985. Brown was convicted in state court on charges of wanton endangerment and being a persistent felony offender and was sentenced to 15 years imprisonment. He is currently in state custody and his federal detainer has followed him throughout the Kentucky corrections system.
 
 
 3
 In his petition, Brown raised two grounds for relief: (1) the federal government relinquished its custody over him to state authorities and thereby forever waived jurisdiction to reimpose his federal sentence, and (2) the detainer must be lifted due to the expiration of his federal sentence while he was in state custody. A magistrate judge found these grounds to be meritless in his proposed findings of fact and recommendation, filed December 11, 1991. The district court overruled Brown's objections and dismissed the action in a memorandum opinion and order filed December 27, 1991.
 
 
 4
 On appeal, Brown argues that: (1) his federal sentence cannot be tolled on the basis of an unadjudicated escape charge, (2) he was denied a full and fair hearing in the district court, and (3) respondent's admission is dispositive of the question of "but for the detainer the petitioner would have been released" on bail from state custody. Brown has submitted a motion for the appointment of counsel.
 
 
 5
 Upon review, we conclude that Brown's arguments do not warrant habeas relief for the reasons stated by the magistrate judge and the district court. The district court did not err in denying Brown's motion for an evidentiary hearing because it is clear from the record that he is not entitled to relief. The United States Parole Commission informed Brown that he will be given a parole rescission hearing upon his return to the custody of the Bureau of Prisons. He may then present his arguments concerning the escape charge and federal credit for time held by the state without bail due to the federal detainer.
 
 
 6
 Accordingly, we deny the motion for counsel. The district court's order, filed December 27, 1991, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.