39 F.3d 1187
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph Lee HUTCHISON, Petitioner-Appellant,
v.
O. Ivan WHITE, Warden; et al., Respondents-Appellees.
 No. 94-15296.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 27, 1994.
 
 Before: BROWNING, FARRIS, LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph Lee Hutchison, a former federal prisoner,[1] appeals the district court's denial of his habeas corpus petition pursuant to 28 U.S.C. Sec. 2241.[2] We have jurisdiction under 28 U.S.C. Sec. 2253 and review de novo the district court's denial of a habeas corpus petition under 28 U.S.C. Sec. 2241. Smith v. United States Parole Comm'n, 875 F.2d 1361, 1363 (9th Cir.1989). We affirm.
 
 
 3
 While on state parole, Hutchison was arrested for a federal crime but subsequently escaped. Upon recapture, he was held as a federal prisoner at a county facility in Kentucky. Shortly after Hutchison's recapture, the Kentucky Parole Board issued a parole violation warrant against Hutchison which was subsequently lodged as a detainer. Upon Hutchison's release from federal custody, federal authorities turned Hutchison over to the Commonwealth of Kentucky to serve his state sentence.[3] Hutchison contends that the federal authorities should not have transferred him to Kentucky because Kentucky had previously released him to the federal authorities for prosecution and thus had lost jurisdiction to reincarcerate him. This contention lacks merit.
 
 
 4
 Federal authorities shall honor a state's detainer. See Moody v. Daggett, 429 U.S. 78, 81 n. 2 (1976) ("[w]hen two autonomous jurisdictions are involved, ... a detainer is a matter of comity"); cf. 28 C.F.R. Sec. 2.32 (the federal authority may parole its prisoners against whom a state detainer is outstanding to the physical custody of the detaining authorities); 28 C.F.R. Secs. 527.30-31 (authorizing transfer of federal prisoners to state custody pursuant to state writs). Further, when one sovereign releases its prisoner to another for the purpose of the prisoner serving a sentence there, it does not effectuate a loss of its jurisdiction over the prisoner. See Murray v. United States, 334 F.2d 616, 617 (9th Cir.1964) (United States does not lose jurisdiction over paroled prisoner released to state), cert. denied, 380 U.S. 917 (1965).
 
 
 5
 Hutchison alleges that after the state parole revocation hearing, Kentucky released him to the federal authorities and thus relinquished jurisdiction over him; therefore, the federal authority improperly transferred him to Kentucky. Hutchison does not challenge the validity of Kentucky's detainer. Given a valid detainer, we are aware of no law proscribing federal authorities' transfer of their prisoners to state authorities. See Moody, 429 U.S. at 81 n. 2; cf. 28 C.F.R. Sec. 2.32; 28 C.F.R. Secs. 527.30-31. Further, contrary to Hutchison's allegation, the record indicates that Hutchison remained a federal inmate at the time of the revocation hearing and that Kentucky had never expressed its desire to surrender jurisdiction over Hutchison.[4] Even assuming that Kentucky had retained custody of Hutchison and had later released him to the federal authority, Kentucky maintained its jurisdiction over Hutchison. See Murray, 334 F.2d at 617.[5]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hutchison filed his 28 U.S.C. Sec. 2241 petition while he was incarcerated in an Arizona federal facility. Hutchison is currently in the custody of the Commonwealth of Kentucky
 
 
 [2]
 In denying Hutchison's habeas corpus petition, the district court addressed the merits of Hutchison's petition and also commented that Hutchison had not exhausted his administrative remedies. Since the exhaustion requirement is not jurisdictional, we will, as the district court did, proceed to the merits of Hutchison's habeas corpus petition. See Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990)
 
 
 [3]
 Due to an administrative oversight, the federal institution housing Hutchison originally planned to release Hutchison to a Community Treatment Center (CTC). When it discovered the detainer, the federal institution cancelled the arrangement since "offenders with detainers from other jurisdictions are not ordinarily transferred to CTCs." Federal Bureau of Prison, Dep't of Justice, Program Statement No. 7333.2, CTC Referral And Transfer Procedures 5e (1988)
 
 
 [4]
 In a letter to the federal institution where Hutchison was held, Kentucky's Corrections Cabinet acknowledged that Hutchison was "a federal inmate" at the time of the revocation hearing and requested "to be notified prior to [Hutchison's] release in order to make arrangements for [his] return to Kentucky."
 
 
 [5]
 To the extent that Hutchison claims that the Kentucky Corrections Cabinet did not follow the state laws in this matter, he has not stated a cognizable federal habeas claim. See Estelle v. McGuire, 112 S.Ct. 475, 479 (1991)