**David Wayne MCCAIN, Petitioner–Appellant,**

v.

**Patti WEBB, Deputy Warden; United States of America, Respondents–Appellees.**

**No. 02–6059.**

United States Court of Appeals, Sixth Circuit.

April 1, 2003.

Before BATCHELDER and ROGERS, Circuit Judges; and BARZILAY, Judge.*

### ORDER

David Wayne McCain, a Kentucky prisoner proceeding pro se, appeals the district court order dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In June 1998, McCain pleaded guilty to violating 21 U.S.C. § 841(a)(1). The United States District Court for the Southern District of Indiana sentenced him to seventy-one months of imprisonment and five years of supervised release. McCain was also facing charges in Ballard County, Kentucky, and pleaded guilty to a drug offense and probation violation. The state court imposed a sentence of eleven years, and remanded McCain to the custody of the Kentucky Department of Corrections. McCain currently is serving his state sentence at the Green River Correctional Complex.

McCain filed the instant petition under 28 U.S.C. § 2241 in July 2001. The district court construed the petition as raising two claims: (1) that the United States Marshals waived jurisdiction over him when they sent him to Kentucky; and (2) that the federal sentencing court or the Attorney General failed to specify whether his federal sentence would be consecutive to or concurrent with his state sentence. The court held that, to the extent McCain was challenging the imposition of his sentence, the court lacked jurisdiction over McCain's second claim. The district court also held that, to the extent McCain was challenging the computation of his federal sentence, the claim was cognizable under 28 U.S.C. § 2241 but not ripe for review. Finally, the court ordered the respondent to file an answer addressing McCain's first claim. The magistrate judge found that McCain's claim had no factual or legal basis and that the Attorney General could not compute his sentence credit until he began serving his federal sentence. The district court adopted the magistrate judge's report and recommendation over McCain's objections and denied the petition.

In his timely appeal, McCain argues that the district court: (1) erred by ruling on an issue that had been dismissed for lack of jurisdiction; and (2) failed to address the issue of whether the United States Marshals relinquished jurisdiction to the state of Kentucky. McCain also moves for the appointment of counsel on appeal.

Initially, we note that McCain has abandoned his claim concerning whether his

* The Honorable Judith M. Barzilay, United States Court of International Trade, sitting by designation.

federal sentence is running concurrently with his state sentence. He did not rely on the claim in his brief on appeal, and in fact argues that the district court should not have addressed the issue in the order dismissing his petition. Accordingly, we will not address the sentencing issue.

A petition under 28 U.S.C. § 2241 in the court having jurisdiction over the prisoner's custodian is the proper remedy for a prisoner requesting relief from the execution of a federal sentence. *United States v. Jalili*, 925 F.2d 889, 893–94 (6th Cir. 1991). Appellate review of a judgment dismissing a § 2241 petition is de novo. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999); *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir.1989).

Upon review, we agree with the district court that McCain's first claim has no support in fact or in law. First, the record demonstrates that the United States did not intend to relinquish jurisdiction over McCain. The United States Marshal filed two detainers against him. The first detainer was filed with the Ballard County, Kentucky, Jail in July 1998 where McCain was awaiting sentencing on state charges, and the second was filed in August 2001 with the Green River Correctional Complex. The July 1998 detainer advised the county jail of McCain's federal sentence and requested the jail to forward the detainer upon McCain's transfer to another facility. The Kentucky Department of Corrections acknowledged the detainer in December 1998. Thus, McCain has been subject to the federal detainer throughout his incarceration on state charges.

Second, McCain's release to Kentucky authorities did not have the legal effect he claims. "Federal detainers are issued by the United States Marshall and merely request that state prison officials notify the Marshall of a prisoner's release date so that a deputy marshall may be present on that day to take custody of the prisoner." *United States v. Dovalina*, 711 F.2d 737, 740 (5th Cir.1983). When one sovereign releases its prisoner to another for the purpose of the prisoner's serving a sentence there, it does not effectuate a loss of its jurisdiction over the prisoner. *Murray v. United States*, 334 F.2d 616, 617 (9th Cir.1964); *see also Brown v. Thornburg*, No. 92–5053, 1992 WL 116009, at *1 (6th Cir. May 29, 1992) (rejecting Kentucky prisoner's claim that federal government relinquished its custody over him to state authorities when it released him on parole). Accordingly, McCain is still subject to federal custody once he is released from state prison.

For the foregoing reasons, we deny the motion for the appointment of counsel and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.