**GROCE v. HUDSPETH, Warden.**

No. 2291.

Circuit Court of Appeals, Tenth Circuit.

July 11, 1941.

Appellant pro se.

Summerfield S. Alexander, U. S. Atty., of Kingman, Kan., and Homer Davis, Asst. U. S. Atty., of Topeka, Kan., for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Appellant has appealed from a decision of the District Court of the United States for the District of Kansas denying his application for writ of habeas corpus.

On September 26, 1933, he was sentenced in the District Court of the United States for the District of Tennessee to a term of six years' imprisonment, and was confined in the Federal Penitentiary at Atlanta, Georgia. On June 18, 1938, having served the minimum term of his sentence, he was granted a conditional release. On October 20, 1938, a warrant for retaking appellant for parole violation was issued by the United States Board of Parole.

Having violated the criminal laws of Tennessee, appellant was arrested, convicted, and sentenced to a year and a day in the State Penitentiary at Nashville, Tennessee. His imprisonment in the State Penitentiary terminated June 13, 1940. On that day he was taken into custody by the United States Marshal for the Middle District of Tennessee on the parole violator's warrant issued October 20, 1938, and was delivered into the custody of the Attorney General on June 19, 1940. On August 8, 1940, he was transferred from the Federal Penitentiary at Atlanta, Georgia, to the United States Penitentiary at Leavenworth, Kansas. On October 15, 1940, the conditional parole granted appellant was revoked by the Board of Parole, and all the good time earned by him on his original sentence was likewise revoked.

Appellant contends that he was arrested on the parole violator's warrant in 1938 at the time he was having his difficulty with the state authorities of Tennessee, and that therefore the maximum term of his sentence has expired and he is entitled to his release. The marshal's return on the warrant states that he received the warrant June 13, 1940, and executed the same by arresting the appellant on the same day at the State Penitentiary at Nashville, Tennessee, and committing him to the Davidson County Jail in Nashville, Tennessee, on June 13, 1940, and to the United States Penitentiary at Atlanta, Georgia, on June 19, 1940. From the record it further appears that on April 26, 1939, the United States Attorney at Chattanooga, Tennessee, forwarded to the United States District Attorney for the Southern District of Florida a certified copy of a Commissioner's Complaint and Warrant, charging appellant with fleeing from the jurisdiction of the Circuit Court of Washington County, Tennessee, and requesting him to effect appellant's removal to Tennessee for trial. A fugitive complaint was issued by the United States Commissioner in the Southern District of Florida, and on April 20, 1939, appellant was taken before the United States Commissioner at Orlando, Florida, and a hearing set for April 28, 1939. On that date a hearing was had and appellant was committed for removal to the Eastern District of Tennessee. On May 4, 1939, he was taken before United States District Judge Strum at Jacksonville, Florida, for removal. For reasons which need not be recounted here, the judge declined to sign a removal warrant. Appellant was thereupon released to the state authorities at Jacksonville, Florida, who held him for the State of Tennessee. Thereafter, he was delivered to the Tennessee authorities, where he was tried, convicted and sentenced, as related above.

It therefore clearly appears that the arrest of appellant in 1939, which he claims was under the parole violator's warrant, was under a warrant resulting from fugitive complaint proceedings instituted in the United States District Court of Florida to effect his removal from Florida to Tennessee and to answer a charge of fleeing the jurisdiction of the Circuit Court of Washington County, Tennessee.

Admittedly, the maximum time under his original sentence would not expire until September 26, 1939. Prior to that time he had violated the terms of his conditional parole; he was arrested, convicted, and sentenced to a term in a state penitentiary for violation of the state law, and a parole violator's warrant was issued. This warrant was served on appellant at the state penitentiary on the day he completed his sentence in that institution. Without doubt the Board of Parole had authority to issue the parole violator's warrant on October 20, 1938. It was not served on appellant until the completion of his state sentence on June 13, 1940.

During the time appellant was incarcerated in the state penitentiary under sentence from the state court, he was not in the custody of the warden under the parole violator's warrant. The jurisdiction of the Board over him under the original sen-

tence was suspended during such time. While serving the state sentence, he occupied the status of an escaped convict or of one who had not been apprehended. Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 44, 68 L.Ed. 247; Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808; United States v. Dillard, 4 Cir., 102 F.2d 94; Adams v. Hudspeth, 10 Cir., 121 F.2d 270, decided May 31, 1941.

During the time he was thus imprisoned, the running of the original sentence was suspended. It did not begin to run again until he had completed the state sentence and was then arrested on the parole violator's warrant. It follows that he has not served the maximum time of the original sentence and is therefore not entitled to release from the custody of the warden.

Appellant complains that the Board of Parole did not cause the parole violator's warrant to be served at the time he was in custody in the federal district court in Florida on a charge of fleeing the jurisdiction of the Circuit Court of Washington County, Tennessee. At that time he demanded that if a warrant had been issued by the Parole Board for the alleged violation of his release, the warrant be executed "then, if ever." It would be sufficient answer to say that the Board was not a party to those proceedings. It does not appear that it had any knowledge of them. However, it does not lie in the mouth of a parole violator to make demands on the Board. Obviously it would be to his advantage to have the parole violator's warrant served before he began his new sentence, for then the sentences would run concurrently and he would not be required to serve any additional time on account of the violations of the terms on which he was released from custody. However, as was said by the Supreme Court in Zerbst v. Kidwell, supra [304 U.S. 359, 58 S.Ct. 874, 82 L.Ed. 1399, 116 A.L.R. 808]: "Unless a parole violator can be required to serve some time in prison in addition to that imposed for an offence committed while on parole, he not only escapes punishment for the unexpired portion of his original sentence, but the disciplinary power of the Board will be practically nullified." It was within the discretionary powers of the Board to say whether the suspended sentence and the new sentence should run consecutively or concurrently.

Affirmed.