James B. WRIGHT, Appellant,

v.

J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 6777.

United States Court of Appeals Tenth Circuit.

Aug. 25, 1961.

Paul Q. Beacom, Denver, Colo., for appellant.

Benjamin E. Franklin, Kansas City, Kan., for appellee.

Before MURRAH, Chief Judge, and PHILLIPS and HUXMAN, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying an application for a writ of habeas corpus.

Petitioner, on January 9, 1953, received a five year sentence in the United States District Court for the Northern District of Oklahoma. On May 16, 1956, Petitioner received a conditional release and on June 12, 1957, the United States Board of Parole issued a conditional release violator warrant, which was forwarded to the United States Marshal for the District of North Dakota and placed as a detainer at the North Dakota State Penitentiary where Petitioner was then incarcerated. In August, 1958, the United States Board of Parole was notified by the United States Marshal in North Dakota that Petitioner had been released from the North Dakota State Penitentiary to serve a three year Federal sentence imposed by the United States District Court for the District of North Dakota. The violator's warrant was forwarded to the Warden, United States Penitentiary, Leavenworth, Kansas where Petitioner was serving the three year sentence and, upon his conditional release from said sentence on October 17, 1960, Petitioner was taken into custody on the violator's warrant and held to serve the remainder of the original five year sentence.

The facts in our case are not materially different from those in Taylor v. Simpson, 10 Cir., 292 F.2d 698, 701, in which we were of the opinion "that under the present statute the warrant is issued 'within the maximum term or terms' when before the expiration of such term or terms the warrant has been signed by a member of the Parole Board and the Board has commenced appropriate action to have the warrant executed, although the warrant is not actually delivered to the officer who executes it and it is not executed before the expiration of such maximum term or terms." See also Taylor v. Warren, 10 Cir., 292 F.2d 702.

On authority of the Simpson case, the judgment is affirmed.