**John C. JEFFERSON, Appellant,**

v.

**J. T. WILLINGHAM, Warden, Appellee.**

**No. 8802.**

United States Court of Appeals
Tenth Circuit.

Sept. 12, 1966.

George E. Mallon, Kansas City, Kan., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty., Topeka, Kansas (Newell A. George, U. S. Atty., and James R. Ward,

Asst. U. S. Atty., on the brief), for appellee.

Before PICKETT and HILL, Circuit Judges, and PAYNE, District Judge.

PER CURIAM.

Appellant Jefferson, by this habeas corpus proceeding, seeks his release from the United States Penitentiary at Leavenworth, Kansas, upon the ground that the sentence under which he is being confined has been served in full. He appeals from an order dismissing his petition without a hearing.

The pleadings disclose that on May 6, 1963, Jefferson was granted a mandatory release after serving 621 days of his total sentences of six years. On November 20, 1963, Jefferson was arrested in Wyoming by federal authorities and charged with violation of the Dyer Act. 18 U.S.C. § 2312. On December 5, 1963, the U. S. Board of Parole issued a warrant for the arrest of Jefferson as a parole violator and then forwarded it to the U. S. Marshal at Cheyenne, Wyoming, where he was being held in custody. During a discussion relating to bail, Jefferson was advised of the existence of the warrant and was permitted to read it. On January 21, 1964, a three year sentence was imposed by the U. S. District Court for the District of Wyoming, and the parole violator's warrant was returned to the U. S. Board of Parole where it remained until the Wyoming sentence had been served. The parole violator's warrant was then served, and Jefferson was returned to Leavenworth for the completion of the original sentences there. It is contended that the parole violator's warrant was executed by federal officers in Wyoming, thus constituting a return to the custody of the Attorney General of the United States as required by 18 U.S.C. § 4205,[1] and that appellant was consequently entitled to credit on the original sentences from the date that the warrant was executed.

Ordinarily, the mere existence of a parole violator's warrant does not amount to an execution of the same. We think it clear that there was no execution of the parole violator's warrant in Wyoming and that he was not then taken into custody under that warrant. He continued to be held on the Wyoming charges and the sentence imposed upon his plea of guilty. See, Teague v. Looney, 10 Cir., 268 F.2d 506; Groce v. Hudspeth, 10 Cir., 121 F.2d 800; Johnson v. Wilkinson, 5 Cir., 279 F.2d 683.

When a person on parole is arrested on another charge, the parole board is not required to execute its warrant immediately; the warrant may be held in abeyance until the intervening charge is disposed of. The time spent in confinement as a result of this new charge does not affect the prisoner's antecedent obligation to complete the existing sentences when a parole has been violated. Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399; Woykovsky v. Chappell, 119 U.S.App.D.C. 8, 336 F.2d 927, cert. denied 380 U.S. 916, 85 S.Ct. 903, 13 L.Ed.2d 801; Groce v. Hudspeth, supra.

Affirmed.

---

1. 18 U.S.C. § 4205 provides: "A warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the Board of Parole or a member thereof and within the maximum term or terms for which he was sentenced. The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve."