**G. W. ROBINSON, Appellant,**

v.

**J. T. WILLINGHAM, Warden, United States Penitentiary, Leavenworth, Kansas, and United States Board of Parole, Appellees.**

No. 8888.

United States Court of Appeals
Tenth Circuit.

Dec. 8, 1966.

Carl Bagwell, Oklahoma City, Okl., for appellant.

James R. Ward, Asst. U. S. Atty. (Newell George, U. S. Atty., on the brief), for appellees.

Before MURRAH, Chief Judge, and HILL and HICKEY, Circuit Judges.

PER CURIAM.

Appellant appeals from a denial of his petition for a writ of habeas corpus.

He was sentenced in 1953 to a term of ten years in the District of Nebraska for bank robbery, and commenced the serving of his sentence. On April 7, 1960, he was released from the United States Pen-

itentiary at Leavenworth, Kansas, pursuant to 18 U.S.C. § 4163. At the time of his release he signed an instrument agreeing to the statutory conditions of mandatory release and parole. On July 5, 1960, he committed a burglary in the State of Nebraska and after a sentence in the State Court was confined from August 25, 1960, to May 21, 1965, in the Nebraska State Penitentiary.

After the commission of the state offense and on July 25, 1960, the United States Board of Parole issued a violator's warrant for appellant, which warrant was served upon him on May 21, 1965, at the time of his release from the state penitentiary. He was taken into custody by the Parole Board at that time, returned to Leavenworth and a revocation hearing was held on August 16, 1965, when his mandatory release was revoked. He is now serving the remainder of the sentence imposed for bank robbery.

■ Appellant first contends, under the provisions of 18 U.S.C. § 4163, he was entitled to an unconditional release after serving his full term less the good time allowances. The contention is without merit because that statute must be construed in conjunction with the statute following it, Section 4164. So construed, a prisoner released as a mandatory releasee is subject to the same conditions of release as a parolee under 18 U.S.C. § 4203.[1] This construction disposes of the second contention that the release agreement was signed by appellant only because he was coerced. Congress has fixed the conditions attached to a mandatory release and those conditions are not effected by the releasee signing or failing to sign a release agreement.[2]

■■ Appellant also urges that the serving of a violator's warrant upon him subsequent to the expiration of his parole period voided the warrant. This Circuit has held several times to the contrary under the same facts as exist here. When

1. Singleton v. Looney, 10 Cir., 218 F.2d 526; Miller v. Taylor, 10 Cir., 290 F.2d 8; Taylor v. United States Marshal for Eastern District of Oklahoma, 10 Cir., 352 F.2d 232.

2. Singleton v. Looney, supra; Weathers v. Willingham, 10 Cir., 356 F.2d 421.

a parole violator's warrant is issued during the term of the parole, for good reason shown, the warrant may remain outstanding and be served even after the expiration of the maximum term of the prisoner's sentence.[3] Incarceration in a state institution during the time the warrant remains unserved is such a "good reason".[4]

Affirmed.

**3.** Taylor v. Simpson, 10 Cir., 292 F.2d 698; Wright v. Taylor, 10 Cir., 294 F.2d 592; Jefferson v. Willingham, 10 Cir., 366 F. 2d 353.

**4.** Jefferson v. Willingham, supra.