**Arthur E. SMALL, Jr., Appellant,**

v.

**UNITED STATES BOARD OF PAROLE,**
Appellee.

No. 657–69.

United States Court of Appeals,
Tenth Circuit.

Feb. 9, 1970.
Certiorari Denied May 4, 1970.
See 90 S.Ct. 1532.

Appellant filed a pro se memorandum in opposition to summary affirmance.

Before MURRAH, Chief Judge, and BREITENSTEIN, Circuit Judge.

PER CURIAM.

Small was paroled from his federal confinement to the State of Colorado for service of a state sentence, and then released on bond pending an appeal of the state conviction. He is now confined in state custody on a charge of

aggravated robbery. This charge prompted the issuing of a federal warrant charging violation of his parole conditions which is now lodged as a detainer.

An immediate parole hearing is requested by Small. To have the parole violation established by a judicial determination of guilt or innocence rather than by an informal board hearing is the better procedure. Shelton v. United States Board of Parole, 128 U.S.App. D.C. 311, 388 F.2d 567 (1967); Agresti v. Parker, 285 F.Supp. 893 (M.D.Pa. 1968). The board is free to await the outcome of criminal charges though they are taking a calculated risk, in the event of acquittal, if after this delay they subsequently desire to proceed on the charge not based on pending criminal proceedings.

The second issue is that federal jurisdiction had been relinquished because of the parole to state authorities. Jurisdiction is not lost but only temporarily suspended and may be resumed again when state custody has terminated. Taylor v. United States Marshal, 352 F.2d 232 (10th Cir. 1965). See also Zavada v. Taylor, 285 F.2d 66 (10th Cir. 1960).

Small's next contention is that he may possibly be imprisoned for a period exceeding the original sentence because of the delay in parole revocation. The short answer is that the period a parolee is in state custody interrupts and suspends the period of parole. Taylor v. United States Marshal, supra. The antecedent obligation is not affected by the intervening confinement. Jefferson v. Willingham, 366 F.2d 353 (10th Cir. 1966), cert. denied 385 U.S. 1018, 87 S.Ct. 744, 17 L.Ed.2d 554 (1967).

The final contention is that the parole board abused its discretion by issuing the warrant. Since 18 U.S.C. § 4205 provides for the issuance of a warrant to retake a parolee who has violated his parole conditions, neither the issuance nor its use as a detainer is an abuse of discretion. See also Smith v. United States, 409 F.2d 1188 (9th Cir. 1968) and Carson v. Executive Director, Department of Parole, 292 F.2d 468 (10th Cir. 1961).

We earlier informed Small of our intention to consider summary affirmance and he has taken the opportunity to oppose such disposition in a memorandum addressing the merit. A thorough consideration of the files and records in this case convinces us of the correctness of the district court judgment and we affirm.