**Charles Elmer NASH, Appellant,**

v.

**Robert I. MOSELEY, Warden, United States Penitentiary, Leavenworth, Kansas, and United States of America, et al., Appellees.**

No. 296–70.

United States Court of Appeals,
Tenth Circuit.

Oct. 26, 1970.

Dennis E. Shay, of Smith, Shay, Farmer & Wetta, Wichita, Kan., for appellant.

Richard L. Meyer (Robert J. Roth, U. S. Atty., and Edward H. Funston, Asst. U. S. Atty., on the brief), for appellees.

Before PICKETT, HILL and SETH, Circuit Judges.

PER CURIAM.

Appeal from denial of federal prisoner habeas corpus petition without hearing by the United States District Court for the District of Kansas.

In November 1961, Nash received a seven year sentence for a federal narcotics violation to Leavenworth prison. He was mandatorily released about August 12, 1966, and while on parole, about November 12, 1967, he was arrested and received a five year sentence imposed upon his plea of guilty to a bank burglary charge. Prior to such sentence the United States Board of Parole had issued a mandatory release violator's warrant for violation of his 1966 release, but did not, and has not, executed the warrant. Appellant argues that this withholding of execution of the warrant has precluded him from serving the balance of the earlier sentence until he has completed the bank burglary sentence. Thus he argues that the judge on the burglary charge could not have had his sentence run concurrently with the balance of his narcotics sentence.

The federal district court held that the violator's warrant was timely issued, and that "* * * time spent while incarcerated under the new charge does not affect the prisoner's antecedent obligation to complete his existing sentences when a parole has been violated"; that "* * * for good reason shown, a warrant issued within the terms of parole (or mandatory release) may be held in abeyance and served even after the expiration of the maximum term of a prisoner's sentence," and that Nash's intervening conviction and sentence in 1967 are such "good reasons" for holding in abeyance execution of the warrant until he has completed the intervening sentence. Of course the old sentence of appellant does not commence again until he is taken into custody under the parole violator's warrant. 18 U.S.C. § 4205.

There is no question that the issuance of the mandatory release violator's warrant on November 28, 1967, was within the time prescribed by 18 U.S.C. § 4205, as the trial court held. Taylor v. Simpson, 292 F.2d 698 (10th Cir. 1961). The only substantial question in this appeal concerns execution of the warrant, and we agree with the trial court that execution could be withheld.

Appellant contends that the warrant not only should, but must, be executed

immediately after its issuance if possible. He urges that not to execute the warrant immediately in a case where the defendant is in the custody of federal officers is unfair. Furthermore, appellant implicitly argues that the language of 18 U.S.C. § 4206 renders these warrants self-executing in a case such as this.

Parole violator's warrants have been held not to be self-executing when defendant is not taken into custody under the warrant. Jefferson v. Willingham, 366 F.2d 353 (10th Cir. 1966). Appellant's argument that the warrant must be executed at some time before he has served the sentence imposed for the crime committed while on parole under a mandatory release is also contrary to the authorities and we have been given no compelling reason why we should not follow our prior cases on this very question. Jefferson v. Willingham, 366 F.2d 353 (10th Cir. 1966); Robinson v. Willingham, 369 F.2d 688 (10th Cir. 1966); see also, Moore v. Smith, 412 F.2d 720 (7th Cir. 1969).

As noted in that latter case and in appellee's brief, the argument that earlier execution of the warrant would possibly have had some bearing on the sentence imposed in the second case is not persuasive. The existence of the outstanding warrant could be brought to the attention of the sentencing judge whether it is executed or not. The existence of such warrants is however not always known to the prisoner. This would not of course meet the argument that the opportunity to have concurrent sentences should be permitted by execution of the warrant and assessment of penalty for parole violation. The withholding of execution of the warrant permits the parole authorities to control such a matter. It is also apparent that the withholding of execution of the warrant during the bank burglary term here will interfere with rehabilitation in the same manner that outstanding detainers interfere. This is again however an administrative matter under the present decisions.

We hold therefore that the warrant here issued need not have been executed immediately, and that it may be executed after a second sentence is served for a crime committed after a mandatory release, if otherwise valid. The withholding of the warrant cannot be said to deny the appellant any reduction in sentence to which he is entitled by law.

Affirmed.