**John Wesley ADAMS, Appellant,**

v.

**R. I. MOSELEY, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.**

No. 207–70.

United States Court of Appeals, Tenth Circuit.

Nov. 13, 1970.

---

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir., 1970, 431 F.2d 409.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

Earl A. Hauck, Denver, Colo., for appellant.

Richard L. Meyer, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., was with him on the brief) for appellee.

Before LEWIS, Chief Judge, JOHNSEN*, Circuit Judge, and HOLLOWAY, Circuit Judge.

PER CURIAM.

This appeal is taken from a judgment of the United States District Court for the District of Kansas denying appellant declaratory relief and dismissing his complaint and action.

■ Adams is presently serving a five-year sentence imposed by the United States District Court for the Western District of Texas upon a plea of guilty entered to a violation of the Dyer Act, 18 U.S.C. § 2312. At the time of imposition of sentence Adams was on parole from a ten-year federal sentence imposed previously. The Dyer Act charge apparently prompted the United States Board of Parole to issue a warrant for the retak-ing of Adams for parole violation and the parole violation warrant, now lodged as a detainer with the appellee warden, remains unexecuted pursuant to directions of the Board of Parole. Adams contends that under the compulsion of 18 U.S.C. § 4206 the warrant must be executed and failure to so do renders the warrant a nullity. This court, and others, have held otherwise. Nash v. Moseley, 10 Cir., 433 F.2d 923 (Oct. 26, 1970); Sadler v. United States, 10 Cir., 313 F.2d 106; Jefferson v. Willingham, 10 Cir., 366 F.2d 353; Shelton v. United States Board of Parole, 128 U.S.App.D.C. 311, 388 F.2d 567.

■ Adams also alleged that the Texas sentencing court directed that the Dyer Act sentence be served concurrently with the unserved portion of the prior ten-year sentence thus leading to the possible inference that the Texas court intended that Adams serve no additional time as a result of the Dyer Act conviction. If this be so, the issue must be presented to the sentencing court under 28 U.S.C. § 2255.

The judgment is affirmed.

---

* Of the Eighth Circuit, sitting by designation.