**John Thomas FITTS, Appellant,**

v.

**UNITED STATES of America et al.,
Appellees.**

**No. 684–69.**

United States Court of Appeals,
Tenth Circuit.

April 5, 1971.

Charles H. Booth, Denver, Colo., for appellant.

Richard L. Meyer, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., on the brief) for appellees.

Before LEWIS, Chief Judge, and BREITENSTEIN and McWILLIAMS, Circuit Judges.

PER CURIAM.

Appellant appeals from denial of his petition for a writ of habeas corpus and seeks release from the United States Penitentiary at Leavenworth premised on the failure to execute a mandatory release violator's warrant on him. Correlatively, appellant asserts that failure to execute the warrant deprived the sentencing court of running the remainder of one sentence concurrent with a new sentence if the court so desired. Appellant's contentions are without merit and we affirm.

In 1964 Fitts was sentenced to a four-year term to run concurrent with a previous sentence. On April 18, 1967 he was mandatorily released with 465 days statutory and extra good time deductions. On June 5, 1967 a mandatory release violator's warrant was issued by the United States Board of Parole. On November 22, 1967 Fitts was convicted

in Texas of a Dyer Act violation and sentenced to five years. Thereafter, on January 17, 1968, the violator's warrant was returned unexecuted and remains so.

 The issued warrant was not required to be executed immediately upon issuance; it was not self-executing when appellant was not taken into custody thereunder; it need not be executed prior to the end of the sentence imposed on conviction of the crime committed on parole; and the withholding of the warrant did not deprive appellant of any reduction of sentence or consideration thereof to which he is by law entitled.

Appellant presents no argument grounded in law which would compel us to reconsider our position, firmly established, in cases like that now before us. *See* Nash v. Moseley, 10 Cir., 433 F.2d 923, and cases there cited.

Affirmed.