William John SIMON, Appellant,

v.

Robert I. MOSELEY, Warden, U. S. Penitentiary, Leavenworth, Kansas, Appellee.

No. 246–70.

United States Court of Appeals, Tenth Circuit.

Nov. 4, 1971.

Hill, Circuit Judge, dissented and filed opinion.

Jay M. Galt, Oklahoma City, Okl. (Watts, Looney, Nichols & Johnson, Oklahoma City, Okl., were on the brief), for appellant.

John J. Immel, Asst. U. S. Atty., Topeka, Kan. (Robert J. Roth, U. S. Atty., and Richard L. Meyer, Asst. U. S. Atty., were on the brief), for appellee.

Before HILL, HOLLOWAY and DOYLE, Circuit Judges.

HOLLOWAY, Circuit Judge.

Appeal is taken from denial of relief on appellant's pro se petition for habeas corpus. Appellant's central contention is that his incarceration under a 1956 bank robbery conviction following a parole revocation is unlawful due to unreasonable delay in handling of a 1961 parole violator's warrant under which he was arrested in July, 1969.

Appellant commenced his pro se habeas proceedings on January 6, 1970, following revocation of his parole in October, 1969. The answer and return of appellee made a general denial and an allegation that there was no unreasonable delay by the Board of Parole (the Board) in executing the warrant. Numerous exhibits were attached by appellee, detailing the facts from appellant's 1956 conviction through his arrest on the parole violator's warrant. After review of the pleadings and documents attached by the Government, the trial court made detailed findings without a hearing and found that there was no unreasonable delay. Relief was denied and this appeal follows.

These essential facts appear in the Government's exhibits and are without material dispute. Appellant was sentenced in June, 1956, for a period of ten years on a bank robbery conviction. In January, 1960, parole was granted with 2,348 days—approximately six years and five months—remaining on the sentence. In June, 1961, issuance of a parole violator's warrant by the Board was recommended on grounds that appellant had harbored his brother, who was wanted for murder, and had assisted in disposing of the weapon, and for departure from the probation officer's jurisdiction. On June 15, 1961, the parole violator's warrant was issued. However, instructions were given by the Board at that time that if the prisoner was facing a local charge, or in jail or on bond, that execution of the warrant should be withheld until disposition of the charge or further instructions from the Board.

At that time appellant was in custody in Lake County, Indiana, awaiting trial on State charges. In June, 1961, a detainer was lodged with the Sheriff of Lake County, based on the Federal parole violator's warrant. The State charges of harboring a fugitive and aiding in disposing of the weapon were dismissed in March, 1962. Appellant was held for trial and in November, 1962, was convicted in the State court of uttering a fraudulent instrument and sen-

tenced for a term of two to fourteen years in the Indiana State Reformatory.

In November, 1962, the Board was notified by the Probation Officer for the Northern District of Indiana of these circumstances and that appellant "was committed to the Indiana State Reformatory for a period of two to fourteen years." No detainer was lodged with the Reformatory. However, in October, 1962, for reasons that are not explained, the United States Marshal had lodged a detainer with the warden of the Indiana State Prison at a different city. A copy of this detainer, sent to the wrong institution and before appellant's State conviction, was received by the Board and showed a notation that appellant was serving a life sentence at the prison. The detainer in the record also showed a handwritten notation dated October 30, 1962, stating "Tickle 11–1–67."

In November, 1965, appellant was placed on parole by the Indiana State Parole Board and released from the Reformatory. In October, 1966, the Marshal's office handling the detainers made a periodic check and learned that appellant had not been at the Indiana State Prison; that instead he had been at the Indiana Reformatory at Pendleton at one time, but had been paroled in 1965. The Marshal's office gave this information to the Board in March, 1968, in reply to a letter from the Board. No claim is made by the Government of State custody of appellant from his release by the Indiana Reformatory in November, 1965, until his arrest at Denver in July, 1969, except for one brief jail term, noted below.

In February, 1968, the Federal Board made inquiry of the Indiana State Reformatory concerning appellant's progress and adjustment for review of the case, and information whether a release date had been set.[1] Letters from the Indiana authorities to the Board in February and March, 1968, said that appellant had been released from the Reformatory in November, 1965, but had absconded from supervision and been declared delinquent in February, 1966, and that they had a report that he was in jail in Nevada for ten days in August, 1966, but had no later information on him.

On March 19, 1968, the Federal Board instructed the Marshal at South Bend to execute the parole violator's warrant. He was located, as stated above, in Denver, and there arrested by FBI agents in July, 1969. A letter in July, 1969, from the Denver Probation office to the Board reported a statement by appellant that after parole in 1965, to Federal and State supervision, he had reported once to the State, but not to the Federal officers; that he had traveled to Chicago and Denver without their knowledge or permission and that he had lived in those cities under his own name, doing day labor work, until he was arrested in July, 1969, in Denver by FBI agents. Appellant first requested a revocation hearing on his return to the Federal Penitentiary; he admitted violation of one or more conditions of his release; and subsequently he waived testimony of witnesses and representation by counsel for the revocation hearing. In October, 1969, after the hearing, parole was revoked and appellant remained in custody.

As grounds for reversal appellant argues that (1) the Board lost jurisdiction by failure of timely issuance and notification of the violator warrant and detainer; (2) that the Board lost jurisdiction by failure to hold a timely hearing as to the violator warrant issued; and (3) that jurisdiction was lost when the Board failed to use due diligence in executing the warrant. There is controversy concerning issues (1) and (2) as to whether any prejudice resulted to appellant, but we do not decide those questions. Under the facts and circumstances shown by the Government's exhibits we feel there was an unreasonable

---

1. This letter from the Board to the Indiana Reformatory refers to an earlier letter of November, 1967, from the Board to the Reformatory concerning appellant, but this item was not included in the Government exhibits.

delay in attempting to execute the warrant so that the Board lacked power to arrest appellant under it when he was apprehended in 1969.

The guiding principles are not in controversy. The Board has jurisdiction over a Federal parolee for the maximum period remaining when he is paroled. 18 U.S.C.A. § 4203. Moreover, "[w]hen a parole violator's warrant is issued during the term of the parole, for good reason shown, the warrant may remain outstanding and be served even after the expiration of the maximum term of the prisoner's sentence. Incarceration in a state institution during the time the warrant remains unserved is such a 'good reason'." Robinson v. Willingham, 369 F.2d 688, 689–690 (10th Cir.); see also Jefferson v. Willingham, 366 F.2d 353 (10th Cir.), cert. denied, 385 U.S. 1018, 87 S.Ct. 744, 17 L.Ed.2d 554; Wright v. Taylor, 294 F.2d 592 (10th Cir.); and Taylor v. Simpson, 292 F.2d 698 (10th Cir.). And where such good reason for delay in executing the warrant exists due to State custody, the parolee has no complaint that such delay is unfair and may deprive him of concurrency in service of Federal and State sentences. See Fitts v. United States, 439 F.2d 769 (10th Cir.); Adams v. Moseley, 434 F.2d 250 (10th Cir.); and Nash v. Moseley, 433 F.2d 923 (10th Cir.). In short, the Board may lawfully proceed to enforce the violator's warrant after the parolee's release from State custody, *provided, as discussed below, that it does so promptly and with due diligence.*

We reaffirm these principles but are persuaded that the circumstances before us involve a delay so unreasonable that the Board lost its right to enforce the warrant in this case. The statute clearly empowers the Board to revoke parole at any time during the original sentence. See 18 U.S.C.A. § 4203. However, we must agree that once a violation has occurred prompting a violator's warrant, Congress did not intend such a warrant to lie fallow indefinitely for ex-

ecution when the authorities chose to do so. United States v. Gernie, 228 F.Supp. 329, 338 (S.D.N.Y.). The warrant must be executed within a reasonable time, depending on the circumstances of the particular case. See McCowan v. Nelson, 436 F.2d 758, 760 (9th Cir.); Greene v. Michigan Department of Corrections, 315 F.2d 546, 547 (6th Cir.); Hamilton v. Hunter, 65 F.Supp. 319 (D.Kan.); Welch v. Hillis, 53 F.Supp. 456 (W.D. Okl.); and United States ex rel. Howard v. Ragen, 59 F.Supp. 374 (N.D.Ill.). Such a reasonable limitation is necessary to avoid violation of due process principles. See McCowan v. Nelson, supra, 436 F.2d at 760. While the Indiana custody was good reason for inaction for a time, Robinson v. Willingham, supra, appellant was released from the State Reformatory in November, 1965. There was no effort commenced by the Government for service of the 1961 warrant until March, 1968. We cannot agree that the circumstances amount to good reason for such delay, or show due diligence by the Board.

In connection with the Board's diligence, the record shows that the detainer had been lodged at the wrong institution, despite the fact that the Board had been notified in November, 1962, by the probation officer that appellant was at the Indiana Reformatory, instead of the Indiana Prison. Moreover the Marshal handling the warrant and detainers for the Board had knowledge in October, 1966, that appellant had already been released from the Indiana Reformatory, although the information was apparently not sent to the Board until inquiry was made in March, 1968. And as the record shows, it was not until March 19, 1968, that the Board first took action to direct the execution of the 1961 warrant. Without considering the further passage of time from March, 1968, until July, 1969, when appellant was arrested, and which may be excused if appellant was not able to be found readily, the prior lack of diligence and inaction were such that lawful authority to enforce the warrant did not remain.

The facts recited above were detailed in the Government's exhibits. The record is undisputed and documentary as to the controlling facts, and we are convinced that they show such delay that we must draw a conclusion differing from that of the trial court. See United States v. Mississippi Valley Generating Co., 364 U.S. 520, 526, 81 S.Ct. 294, 5 L. Ed.2d 268; and Mid-Continent Casualty Co. v. Everett, 340 F.2d 65, 70 (10th Cir.). Accordingly, the judgment is reversed and the case remanded for granting of appropriate relief for discharge.

HILL, Circuit Judge (dissenting):

I am compelled to respectfully dissent in this case because I believe the conclusion reached by the majority is in conflict with prior decisions of this court concerning violators' warrants.

The majority has correctly set forth the law applicable to the instant case; I dissent only as to the application of that law to the facts. It is firmly established that the issuance of a violator warrant triggers a process which, as a matter of fundamental fairness, must be pursued with reasonable diligence and dispatch. What constitutes a reasonable time is essentially a question of fact which will vary from case to case. Shelton v. United States Bd. of Parole, 128 U.S.App.D.C. 311, 388 F.2d 567 (1967). This Circuit has ruled that state custody of a federal parolee for a state offense committed during the term of the federal parole interrupts and suspends the period of the federal parole. Small v. United States Bd. of Parole, 421 F.2d 1388 (10th Cir. 1970), cert. den. 397 U.S. 1079, 90 S.Ct. 1532, 25 L.Ed.2d 815. In such circumstances, the federal government is not required to immediately execute the violator's warrant for violation of the federal parole, but may withhold execution until completion of the sentence for the state offense committed while on parol. Nash v. Moseley, 433 F.2d 923 (10th Cir. 1970); Small v. United States Bd. of Parole, supra; Jefferson v. Willingham, 366 F.2d 353 (10th Cir. 1966), cert. den. 385 U.S. 1018, 87 S.Ct. 744, 17 L.Ed.2d 554. The warrant is held in abeyance until state custody is terminated. Jefferson v. Willingham, supra. The warrant may lawfully be enforced after release from state custody provided the federal government does so with due diligence. Fitts v. United States, 439 F.2d 769 (10th Cir. 1971). Petitioner was never released from state custody in the instant case. He was paroled from the Indiana State Reformatory in November, 1965. He absconded from state supervision in February, 1966, and his whereabouts remained unknown until his arrest by federal authorities in Denver in 1969. Simon's state parole was thus never terminated. This being the case, he was still in the constructive custody of the state of Indiana at the time of his arrest in Denver.

Petitioner has shown no prejudice in the delay of revocation of his federal parole. Delay in and of itself is not sufficient to show prejudice, except in extreme cases. Actual prejudice vel non is the focal point of the inquiry here. A parole violator who has succeeded in evading the authorities is in no position to complain of a delay. Shelton v. United States Bd. of Parole, supra. Applied to the instant case, these principles support a finding of lack of prejudice in the delay in executing the warrant. How can it be asserted that the delay was prejudicial when in fact Simon had not yet satisfactorily completed his state parole, and was concealing himself from state and federal authorities at the time of his arrest for federal parole violation? I would affirm.