**Don B. COOK, Petitioner,**

v.

**UNITED STATES ATTORNEY GEN-
ERAL, Respondent.**

**Civ. No. 5499.**

United States District Court,
E. D. Texas,
Tyler Division.

Nov. 1, 1972.

Jerry Bain, Tyler, Tex., for petitioner.

Charles E. Myers, Asst. U. S. Atty., Beaumont, Tex., for respondent.

## MEMORANDUM OPINION
and
## FINDINGS OF FACT AND CONCLU-SIONS OF LAW

JOE J. FISHER, Chief Judge.

The above-styled and numbered cause of action came on for hearing, and the cause having been submitted to the Court, and the Court having carefully considered the pleadings, the evidence adduced at hearing, the comments and arguments of counsel, and the briefs filed by the respective parties, and having been fully advised on the questions presented, now makes and files its Findings of Fact and Conclusions of Law pursuant to Rule 52(a), F.R.Civ.P.

### FINDINGS OF FACT

1.

In July of 1965, Don Cook, petitioner, was paroled from a Federal institution. He was to be on parole until October of 1968.

2.

On February 17, 1966, Don Cook, petitioner, was arrested by the State of Tex-

as on burglary charges. On February 18, 1966, a warrant was executed by the Federal authorities for unlawful entry and attempted larceny of the Post Office in Eustace, Texas, and the Post Office in Trinidad, Texas, and the unlawful entry into a bank in Eustace, Texas. Warrants were executed by Texas authorities turning Cook over to the Federal authorities.

### 3.

On March 17, 1966, Don Cook made bonds on the three (3) charges totaling Twenty-Three Thousand and No/100 ($23,000.00) Dollars.

### 4.

On March 28, 1966, Cook was arrested by the Federal authorities for bank burglary. On March 29, 1966, a parole violator warrant was issued for Don Cook.

### 5.

Between March 30, 1966, and April 12, 1966, Don Cook, with his attorney, Harry Haigler, made arrangements for bonds to be made on all four (4) charges. Cook was informed that it would do him no good to make bonds because there was a parole violator warrant for his arrest, and consequently, he would be denied release on bond.

### 6.

Don Cook and his attorney, Harry Haigler, requested a parole revocation hearing from Kenneth Beighle, a Federal Parole Officer. Cook had an interview with Beighle, and a letter from Beighle to Washington, D.C. is an exhibit in this proceeding.

### 7.

According to the uncontroverted evidence by petitioner through his attorney at that time, Harry Haigler, a witness in this proceeding, the sole reason Don Cook was denied release in April of 1966 was because of the parole violator warrant, since the bondsmen and Cook's family were in a position to make all of the bonds, but were in-

formed that he would not be released even if the bonds were made because of the parole violator warrant.

### 8.

The parole violator warrant was not served upon Don Cook at the request of the Parole Board. It was returned to the Parole Board unexecuted by the U. S. Marshal.

### 9.

The parole violator warrant accomplished all of the purposes of a warrant, even though it was not served, in that it detained the alleged violator, Don Cook, of his freedom. The effect produced by the warrant, and the knowledge of the alleged violator that it was outstanding, resulted in a technical service and execution thereof as of March 29, 1966.

### 10.

The refusal of the Parole Board to grant a parole revocation hearing upon the request of Don Cook and his attorney, and the inability of Don Cook to be released from incarceration as a result of the parole violator warrant, materially altered his course of action and the defense of other charges outstanding against him at that time.

### 11.

On April 21, 1966, Don Cook pleaded guilty to four (4) charges and received two (2) five (5) year sentences and a ten (10) year sentence to run concurrently with the five (5) year sentence. He was given a five (5) year sentence which was suspended, and was to receive active probation for this fourth offense after he had served his time on the former three (3).

### 12.

The parole violator warrant, according to the records, was executed by the Federal authorities on March 30, 1972.

### 13.

On June 13, 1972, Don Cook received a certificate of mandatory release show-

ing he had served all of his time on all sentences with the single exception of the parole violator warrant.

### CONCLUSIONS OF LAW

**1.**

The parole violator warrant was technically executed after March 29, 1966, at which time it was used to detain Don Cook of his liberty and ability to make bond, and at which time the said Don Cook requested a parole violation hearing.

**2.**

█ Don Cook was denied due process of law by the Parole Board in not granting him a hearing until July, 1972, when said hearing was requested by him in 1966. Such six-year period of time is unreasonable and a denial of due process, in that said hearing must be granted within a reasonable time. Simon v. Moseley, 10 Cir., 452 F.2d 306.

**3.**

█ The attempted execution of the parole violator warrant in March of 1972, more than six years after the issuance thereof, is a denial of due process as a matter of law and an abuse of discretion by the Parole Officials. Simon v. Moseley, 10 Cir., 452 F.2d 306; McCowan v. Nelson, 9 Cir., 436 F.2d 758.

**4.**

█ A Texas resident is entitled to the benefit of Article I, Section 10, of the Texas Constitution, Vernon's Ann. St., that guarantees a speedy trial in all criminal prosecution. Under the Texas law, a proceeding for the revocation of probation is "criminal prosecution," entitling Don Cook, a Texas resident, to a speedy hearing. A delay of over six years is a denial of due process. Fariss v. Tipps, Tex., 463 S.W.2d 176; Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607.

**5.**

When the accused presses for an early confrontation with his accusers, as Don Cook did, the right to a prompt inquiry is fundamental, and the charging authority has the duty to provide a prompt hearing. On the facts and circumstances of the instant case, the delay of the hearing is intolerable as a matter of fact, and impermissible as a matter of law. Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26.

**6.**

The authority of Cox v. Feldkamp, 5 Cir., 438 F.2d 1, is not applicable to the facts and circumstances of the instant case and is hereby distinguished, because the parole violator was not advised of the existence of a parole violator warrant for almost three (3) years after it was issued. In the instant case, the parole violator warrant denied Don Cook of his liberty and the right to pursue another course of defense.

**7.**

█ A parolee's liberty involves significant values within the protection of the Due Process Clause of the Fourteenth Amendment, and termination of that liberty requires a reasonable, prompt hearing to give assurance that a parole violation is based on verified facts to support the revocation. Morrissey v. Brewer, 408 U.S. 471, 92 S. Ct. 2593, 33 L.Ed.2d 484. The petitioner has satisfied his period of confinement and is entitled to release in accordance with his Certificate of Mandatory Release issued as of June 13, 1972.