**Joseph L. THOMAS, Petitioner,**

v.

**UNITED STATES BOARD OF PAROLE et al., Respondents.**

**Civ. A. No. L–2397.**

United States District Court,
D. Kansas.

Feb. 13, 1973.

Joseph L. Thomas, pro se.

## MEMORANDUM AND ORDER

O'CONNOR, District Judge.

Petitioner has filed with the Clerk of the Court a document styled Petition for a Writ of Mandamus, Injunction, Declaratory Judgment or other Writ Final Granting Relief, and he has paid the necessary filing fee. We shall treat this application as one for a writ of habeas corpus. Upon examination of the documents filed, the court makes the following findings and order.

It appears from the application that petitioner is presently incarcerated at the United States Penitentiary at Leav-

enworth, Kansas, by or under color of authority of the United States by virtue of a sentence of 12 years imprisonment imposed upon him by the United States District Court for the Southern District of Indiana, for violation of 18 U.S.C.A. § 2113. Petitioner does not attack his conviction or sentence in this proceeding.

The gist of petitioner's complaint is that "the United States Board of Parole issued a detainer-warrant which has not been prosecuted in accord with Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), that the Board of Parole has neither violated nor dismissed the 'violation warrant' but allowed it to 'lie fallow' in contradiction to the teaching of Simon v. Mosely, 452 F.2d 306 (10th Cir. 1972), and that in any event the United States Board of Parole cannot issue violation warrants in violation of the 'Separation of Powers' concept contained in the United States Constitution . . . "

It appears that petitioner was released on March 27, 1967, on parole from a sentence of 15 years imprisonment imposed upon him on or about June 2, 1960, by the United States District Court of the Western District of Louisiana. On March 8, 1970, he was arrested and charged with the offense for which he is presently serving time at the Federal Penitentiary. Petitioner alleges that the Honorable James E. Noland of the United States District Court, Southern District of Indiana, in imposing the present 12-year sentence, "specifically ordered that the sentence run concurrently with the balance of the 15-year sentence previously imposed."

Petitioner states that on September 3, 1970, he received notice that a warrant for "parole violation" had been lodged against him by the respondents. In October of 1970, he was given a hearing before an examiner of the United States Board of Parole, and in November of 1970, he was notified by the respondents that the matter of parole violation, as well as any consideration on the new sentence, would be taken up in July, 1973.

From the petitioner's rendition of the facts, the court is able to conclude the following:

■ 1. A mandatory release violator's warrant need not be executed immediately upon issuance; it is not self-executing when the violator is not taken into custody thereunder; it need not be executed prior to the end of the sentence imposed on conviction of the crime committed on parole; and the withholding of the warrant does not deprive the violator of any reduction of sentence or consideration thereof to which he is by law entitled. Nash v. Mosely, 433 F.2d 923 (10th Cir. 1970); Fitts v. United States, 439 F.2d 769 (10th Cir. 1971); Adams v. Mosely, 434 F.2d 250 (10th Cir. 1970).

■ 2. Once a violator's warrant is issued, a process is triggered which must be pursued with reasonable diligence and dispatch, and what constitutes a reasonable time is essentially a question of fact varying from case to case. Shelton v. United States Board of Parole, 128 U.S.App.D.C. 311, 388 F.2d 567 (1967). The determinative factor in the present case is that the warrant was issued only after a judicial determination of petitioner's guilt of the offense which prompted the issuance of the violator's warrant. The violation is established by the criminal conviction itself, and we do not have the matter of misconduct other than the commission of a crime which would ordinarily compel the Board to hold a prompt hearing on the issue of parole violation.

■ 3. Nevertheless, the Board of Parole is still performing its function properly, even though the warrant is yet to be executed, as the Board's Examiner informed the petitioner that "the matter of parole violation, as well as any other consideration on the new sentence, would be taken up in July, 1973."

4. For the reasons stated in 1, 2 and 3, above, it is obvious that petitioner's reliance on Simon v. Mosely, *supra,* is misplaced, and there exists "good reason"

for the suspension of the warrant while petitioner continues to serve his federal sentence.

5. Petitioner's reliance on *Morrissey v. Brewer, supra,* is misplaced for the reasons already expressed. Furthermore, *Morrissey* involved two petitioners, Morrissey and Booher, whose paroles had been revoked for violating conditions of release, but without judicial determination of their guilt for the alleged violations. Morrissey was alleged to have given false statements to police concerning his address and insurance company after a minor accident, to have obtained credit under an assumed name, and having failed to report his place of residence to his parole officer. Booher was alleged to have violated the territorial restrictions of his parole without consent, to have obtained a driver's license under an assumed name, and to have operated a motor vehicle without permission, and violated the employment conditions of his parole.

The distinction between *Morrissey* and the present case is obvious. The petitioner herein has had the violation of his parole judicially established by a criminal conviction.

6. There is nothing unreasonable or unusual in the United States Board of Parole's current handling of the petitioner's warrant, which has only been issued and not executed, and petitioner may address any complaints he may have in this regard to the Board at the hearing to be conducted in July of this year. For all the reasons stated, the petitioner's claims are frivolous and do not warrant relief.

The only matter left unanswered, is the petitioner's statement that "the sentencing court ordered the present 12-year confinement to run concurrently with the balance of the 15-year sentence previously imposed." So that the court may be fully informed as to the nature of the sentence petitioner is now serving, and the manner in which it was imposed, we conclude that a Rule to Show Cause should issue limited solely to that issue.

Therefore, it is ordered that a Rule to Show Cause be issued by the Clerk of this Court, directed to the respondents, and returnable within 15 days. Thereafter, petitioner shall have 10 days in which to file a Traverse, by which he shall admit or deny the factual contentions of the Answer and Return. Thereafter, the file shall be returned to the undersigned judge for further consideration. The clerk is directed to transmit copies of this memorandum and order to all interested parties.