**Calvin MILLIGAN, Plaintiff,**

v.

**Clement BRASZO et al., Defendants.**

**Civ. A. No. 73-289.**

United States District Court,
W. D. Pennsylvania.

June 18, 1973.

Calvin Milligan, pro se.

Geoffrey Paul Wozney, Asst. Atty. Gen., Pittsburgh, Pa., for defendants.

## MEMORANDUM and ORDER

McCUNE, District Judge.

On March 28, 1973, the Clerk of the Court received from Calvin Milligan an in forma pauperis "motion for permanent injunction" in which he sued Clement Braszo, Chairman of the Pennsylvania Board of Parole, and William B. Robinson, Warden of the Allegheny County Prison. The plaintiff seeks to enjoin the Pennsylvania Board of Parole from holding him under a technical parole detainer which was apparently lodged against him after he was arrested while on parole for an earlier offense. He alleges that because of the technical parole detainer he cannot be released from custody even though he could furnish the bail set on the new criminal charges. We do not know what the bail is or whether petitioner could make bail.

We ordered the complaint filed and served but before an answer could be filed another motion was filed on April 10, 1973, titled "Motion for Preliminary Injunction." In addition to naming Braszo and Robinson as defendants, the petitioner names as defendants, Jules C. Melograne, a magistrate, and George Ross of the office of public defender and the Allegheny County District Attorney, Robert Duggan as well as David Flick, another Parole Board employee. The second motion also seeks to enjoin the enforcement of the Pennsylvania parole statute and grows out of the same facts which prompted the first motion. We will treat the second motion as an amendment and order it filed at the same number but we will not order it served.

On May 8, 1973, petitioner asked that we appoint counsel not only to represent him here but in the criminal trials he faces in Allegheny County as well.

On May 23, 1973, he filed a petition for writ of mandamus which appears to request that we order the state to answer his original petition and to respond to a bill of particulars he had filed in the criminal cases he faces in state court and to force us to grant his original petition or motion.

Meanwhile, on May 17, 1973, his original motion was answered and on May 29, 1973, the state moved to dismiss his petition for writ of mandamus.

■ We can easily dismiss the petition for writ of mandamus and will do so. The motion for an injunction has now been answered, of course, and no delay is apparent. We obviously cannot order the District Attorney of Allegheny County to answer a motion for bill of particulars. In any event, the District Attorney's office has responded explaining to Mr. Milligan that he had not been indicted when his motion was received.

The answer filed by the state denies that Milligan is being illegally detained although there is a parole detainer in full force and effect because, while on parole, he was arrested and charged with burglary and a violation of the Dangerous Drug and Cosmetics Act as well as other violations of parole. The answer explains that a parole detainer was lodged against plaintiff only after a preliminary hearing before Mr. Bielo of the Pittsburgh Office of the Parole Board and a finding that there was probable cause to believe that plaintiff had violated conditions of his parole, e. g., he had changed his residence without permission, had not notified his board of his arrest on the new charges and had violated his parole by possessing drugs (heroin).

On June 15, 1973, Clement Braszo filed a motion for summary judgment which traced in more detail the hearings which had been held following the arrest of plaintiff on February 2, 1973. Apparently, after his arrest he posted bond but failed to appear for a hearing before the magistrate and was not found until March 2, 1973, when the detainer was lodged. It would appear that the Parole Board has been quite thorough in carrying out its functions. A preliminary violation hearing was held on March 23, 1973, before Mr. Bielo of the Pittsburgh Regional Office. On April 17, 1973, the Parole Board concurred in the findings made by Mr. Bielo. On April 26, 1973, another hearing was held before Ralph Bigley, Executive Assistant to the Chairman of the Board who recommended that plaintiff be recommitted as a technical violator and the Board approved the findings and the recommendation.

We will treat plaintiff's complaint as asking that we convene a three judge court to rule on the constitutionality of the Pennsylvania Parole Act.[1] Plaintiff apparently demands another hearing at which he is furnished counsel and, in the event of his conviction on the new charges, he demands another hearing at which he is furnished counsel. It is difficult to determine all that he demands but we know that he is attacking his detention under the parole statute which permits a technical violator to be recommitted after hearing before the Board. It is apparent that he has already had two hearings whether with or without counsel is not clear.

The plaintiff asks that we intervene although he has made no effort to obtain relief in the state courts and it is apparent now that the state would go further in protecting his alleged rights than the Federal courts would go.

In Rambeau v. Rundle, Pa., 13 Cr.L. Rev. 2104 (May 2, 1973), the Pennsylvania Supreme Court has apparently ruled that a due process hearing with the right to counsel is required for revocation of parole in both the instances of technical parole violations and convicted parole violators. Compare Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) where the Supreme Court has ruled that a hearing of some scope is required before parole can be revoked but has abstained from requiring that counsel be present. See also Small v. United States Board of Parole, 421 F.2d 1388 (10th Cir. 1970) cert. denied, 397 U.S. 1079, 90 S.Ct. 1532, 25 L.Ed.2d 815.

It would seem that in the interest of comity this is a case where we should abstain from convening a three judge court. The law of Pennsylvania will apparently give him more protection than we could give him. In spite of the exceptions to the Anti-Injunction Act, Title 28, § 2283, starting with Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) we think this case fits no exception and that it would be unwise to inject ourselves into a subject which is being so closely supervised by the Commonwealth of Pennsylvania. See Younger v. Harris, 401 U.S. 37 at 44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

---

1. The Act of Aug. 6, 1941, P.L. 861, § 21.1 et seq., 61 P.S. 331.21a.

Accordingly, we will refuse to convene a three judge court.

The motion of Clement Braszo for summary judgment is granted. The plaintiff's complaint as to all other defendants is dismissed.

There is no probable cause for appeal.

It is so ordered.