Peter CORSO, Petitioner,

v.

J. D. HENDERSON, Warden, United States Penitentiary, Atlanta, Georgia, Respondent.

No. 74 Civ. 449.

United States District Court,
S. D. New York.

Jan. 3, 1975.

Peter Corso, pro se.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for respondent; Arlene R. Silverman, Asst. Atty. Gen., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

This court, on December 23, 1974, denied petitioner's motion made pursuant to 28 U.S.C., section 2255, to vacate a judgment of conviction entered on March 15, 1972, for violation of federal narcotics laws, pursuant to which he is now serving a five-year sentence at the United States Penitentiary in Atlanta, Georgia.

There is now before the court another petition by him for a writ of habeas corpus in an attack upon a detainer based upon a state court conviction for robbery in the first degree, which has been lodged with the federal authorities at Atlanta, Georgia. Upon his state conviction petitioner was sentenced on June 30, 1953 to a term of from fifteen to twenty-five years. On August 30, 1965 he was paroled by the New York State Parole Board with a maximum expiration date of October 20, 1977. While on parole, petitioner was arrested on federal narcotics charges; he was convicted and is now serving the five-year sentence referred to above. In part, because of his arrest on the federal narcotics charge he was declared a parole violator by New York State as of October 5, 1971. Thus, the State contends petitioner owes additional time on his robbery conviction, and it is with respect thereto that the New York State warrant of arrest and detainer was lodged with the federal authorities at Atlanta.

This court in imposing sentence specified, and the judgment so provides, that the sentence was "independent of, and consecutive to, any other sentence the defendant may be required to serve for violation of his state parole." Prior to filing the instant petition for a writ of habeas corpus, petitioner applied for a writ in the District Court of Georgia, Atlanta Division, upon his claims (1) that while the judgment imposed upon him in this court was legally rendered, his incarceration thereunder was illegal because he was not allowed to first serve whatever sentence he would have received from the New York State authorities; and (2) that the State warrant and detainer should be dissolved. The District Court in Atlanta held that it had no jurisdiction and that this court had jurisdiction to pass upon petitioner's claims asserted previously or which might thereafter be asserted, and thereupon transferred the action to this district.

Petitioner's claim that this court's judgment required that the federal sentence be served after the State sentence is without merit. As the district court in Atlanta suggested, the language used in imposing the federal sentence and contained in the court's judgment was intended to indicate that the federal sentence was not to be served concurrently with the state sentence.

■■ Petitioner contends that once he started to serve the federal sentence, New York State lost jurisdiction over him, and therefore the detainer filed with the Atlanta authorities should be vacated. The claim is without substance. The fact that petitioner, under conviction in the federal and state courts, commences service of his sentence in the federal jurisdiction does not deprive the State of its right to have him serve the sentence there imposed upon completion of the executed sentence in the federal court.[1]

■ Petitioner's further claim that the State lost jurisdiction and denied him due process and equal protection of the laws because it failed to accord him

---

1. *See* Ponzi v. Fessenden, 258 U.S. 254 (1922); Small v. United States Board of Parole, 421 F.2d 1388 (10th Cir.), cert. denied, 397 U.S. 1079 (1970); United States ex rel. Buchalter v. Warden, 141 F.2d 259 (2d Cir.), cert. denied, 321 U.S. 780 (1944); *cf.* Zerbst v. Kidwell, 304 U.S. 359 (1938).

a due process hearing on the parole charges "as soon as practicable" as required by section 218 of the Correction Law is equally without substance. Since he was and is in federal custody, such a hearing may be accorded him once he has been surrendered to the State and he may then raise his contentions in the first instance.[2] Further, he has not exhausted state remedies as required by section 2254 of Title 28.

The petition for a writ of habeas corpus is dismissed as premature.

---

2. *See* Simon v. Moseley, 452 F.2d 306, 309 (10th Cir. 1971); *cf.* Nash v. Moseley, 433 F.2d 923 (10th Cir. 1970).